### TURNER v. LYLES.

1. CHARGE.—Statement of Judge in charge of undisputed evidence, or of evidence or facts not prejudicial to appellant in the connection used, is not a charge on facts, in violation of Constitution.
2. CONTRACT—DEBT OF ANOTHER—NEW CONSIDERATION.—A PAROL PROMISE to pay the debt of another can only be supported upon some new consideration moving to promisor, and the fact that the promisor owned the greater part of the stock in the debtor corporation, whose debt he is alleged to have promised to pay, does not constitute a new consideration.
3. APPEAL.—When Judge errs in stating issues, his attention should be called to it at time, if it is to be made a ground of appeal.
4. TRUST—PERSONAL PROPERTY—PAROL.—CHARGE complained of as stating the doctrine that a trust in personal property cannot be created by parol, was used by the Judge in construing writings.
5. NEW TRIAL.—Refusal to grant new trial on after-discovered evidence, because not material to the issues, sustained.

Before J. H. HUDSON, special Judge, Richland, March, 1903. Affirmed.

Action by N. S. Turner against Wm. H. Lyles. From judgment for defendant, plaintiff appeals.

*Mr. Wm. B. McCaw,* for appellant, cites: *As to charge on facts:* 47 S. C., 489; 56 S. C., 529. *As to a promise to pay the debt of another:* 29 S. C., 14; 3 Par. on Con., 24. *As to trust in personal property by parol:* 14 S. C., 211; 2 Hill Ch., 589. *As to granting new trial on after-discovered evidence:* 16 S. C., 116.

*Messrs. A. D. McFaddin* and *D. W. Robinson,* contra. *Mr. Robinson* cites: *As to charge on facts:* 65 S. C., 176, 542; 47 S. C., 373; 60 S. C., 484; 55 S. C., 414; 65 S. C., 269; 63 S. C., 197; 57 S. C., 430; 61 S. C., 574; 62 S. C., 562. *As to promissing to pay the debt of another:* 29 S. C., 14; 22 S. C., 533; 1 Rich., 223; 32 S. C., 242; 13 Conn., 170; Chitty on Con., 441; 107 Mass., *37; 121 Mass., 529; 34 L. R. A., 33; 52 S. C., 317; 25 S. C., 376; 6 Ency., 2 ed., 750; 1 Strob., 329; 2 Spears, 697. *Requests not applicable to issues or evidence should be refused:* 57 S. C., 482; 63 S. C., 577; 65 S. C., 543; 62 S. C., 563; 66 S. C., 250. *Duty of counsel to call attention to errors in stating issues:* 62 S. C., 563; 57 S. C., 474; 63 S. C., 301, 389. *As to granting new trials on after-discovered evidence:* 14 Ency. P. & P., 791, 807, 811; 33 S. C., 403; 39 S. C., 416; 14 S. C., 432; 39 S. C., 314; 16 S. C., 124; 16 Ves., 350; 25 S. C., 174; 33 S. C., 403; 15 S. C., 547; 62 S. C., 569; 38 S. C., 227; 15 S. C., 547.

April 1, 1904. The opinion of the Court was delivered by

Mr. Justice Gary. The complaint sets forth two causes of action. In the first, it is charged that the plaintiff sold to the defendant twenty bales of cotton, between the 1st of January, 1901, and the 20th of April, 1901, aggregating in value $1,027.92; that the defendant promised to pay plaintiff for said cotton the amount hereinbefore mentioned, which became due and payable immediately upon delivery; that at the defendant's request the cotton was delivered to Sutro Cotton Mills, at Yorkville. S. C.

The first and second paragraphs of the second cause of action contain, substantially, the allegations set forth in the first cause of action. The third paragraph of the second cause of action is as follows: "Third. That defendant did not pay for said cotton, as he had solemnly promised and engaged to do, on delivery to said Sutro Cotton Mill, but on the 20th day of April, 1901, thereafter and at sundry and various times after said last mentioned date, the defendant, for the purpose of the better securing to the plaintiff the agreed price for the cotton delivered as aforesaid at his request, pledged the entire product of the Sutro Cotton Mill, consisting of yarns manufactured and in course of manufacture that had been turned over to the defendant by said Sutro Cotton Mill as the property of defendant, for the payment of said debt, and engaged and promised to sell yarn, collect the proceeds and pay over the same to plaintiff; but notwithstanding his agreement to hold said yarns and the proceeds to be derived from their sale in trust for plaintiff, the defendant has utterly failed and neglected to pay over to plaintiff any part of the proceeds derived from the sale of the yarns, or to account as he had promised to do." The answer of the defendant was a general denial of the allegations contained in both causes of action. The jury rendered a verdict in favor of the defendant, and the plaintiff appealed. The first exception is as follows:

"For that his Honor, having first incorrectly instructed the jury, that the sole issue raised by the first cause of action stated in plaintiff's complaint and the denial thereof by defendant, is that plaintiff sues to recover of defendant $1,027.92, the price of twenty bales of cotton, sold and delivered to defendant between January 1st, 1901, and April 20th, 1901; that plaintiff's claim and the action brought by him against W. H. Lyles is for goods sold and delivered to him, and that such action can only be sustained by the proof of the sale and delivery of the cotton to W. H. Lyles, next proceeded to invade the province of the jury and charged the jury in respect to matters of fact, as

follows: 'The testimony has been conflicting. You have
heard the testimony of the plaintiff in that behalf, and the
testimony of the defendant, and the testimony of the plain-
tiff in that behalf, is that the cotton was sold, negotiations
made with one Walton Neil, who was secretary of a certain
cotton mill, the Sutro Cotton Mill,' in violation of art. V.,
sec. 26, of the Constitution of South Carolina, A. D. 1895."

In the first place, the facts stated by his Honor, the pre-
siding Judge, were not in dispute, and in the second place,
they were not prejudicial to the plaintiff when considered in
connection with the language immediately following, which
was as follows: "Now, was Mr. Neil the *bona fide* lawfully
constituted agent of Mr. Lyles, and bought the cotton for
Mr. Lyles, and did he, as duly authorized agent for Mr.
Lyles, buy the cotton and have it delivered to or for Mr.
Lyles. Now, whether he was that agent or not, in the
proper sense of the word, duly authorized, duly constituted
as agent to buy that cotton for Mr. Lyles, is a question of
fact for you, and you must determine that from the testi-
mony; and you have heard the witnesses speak on that
subject on behalf of the plaintiff and the witnesses for the
defendant; and there is a conflict in the testimony, and you
have got to determine from all the surroundings and from all
testimony whether that is a fact or not."

The second exception is as follows: "For that his Honor
in charging the jury: "Now, gentlemen, the question is
not whether Mr. Turner ought to be paid for his cotton or
not—if we could decide questions, issues, upon that line,
why every man ought to be paid for his property when he
sells it. That is not the question here. The question here
is not the extent of interest of Mr. Lyles or any one else
in the cotton mill. That is not the question here. You
must exclude every matter except the one in issue here.
The allegation on the one hand is, that this cotton was sold
and delivered to Mr. Lyles, and that is denied on the other
side,' erred: a. Because by so charging, his Honor took
entirely from the consideration of the jury the question,

whether there was or was not a new consideration moving to the alleged promisor, the defendant, in the light of the undisputed proof, that at the date of the sale of the cotton and delivery of the same on order of defendant to Sutro Cotton Mill, the defendant owned 499 out of a total of 500 shares of the stock of said mill, and that in purchasing the twenty bales of cotton to prevent the mill from closing down, he was subserving his own vital interests. b. Because his Honor erred in not charging the jury, as requested by plaintiff's counsel, as a sound proposition of law applicable to the case, the following request to charge: 'Whenever the main purpose and object of the promisor is, not to answer for another, but to subserve some purpose of his own, his promise is not within the statute of frauds, although it may be in form a promise to pay the debt of another.' c. Because his Honor erred further in incorrectly stating to the jury the issues raised by the pleadings as to the first cause of action, and in restricting the jury to the consideration of a single issue, as to whether the cotton was sold and delivered to W. H. Lyles.

Subdivision "a." Even if the cotton was sold to the Sutro Cotton Mill, and the defendant promised to pay the plaintiff for it, the fact that he owned the stock mentioned in the exception, would not constitute a new consideration.

Subdivision "b." In the case of *Robertson* v. *Hunter,* 29 S. C., 9, 6 S. E., 850, it was contended that, where a person promises to pay for goods sold and delivered to another, the statute of frauds will not apply, if it appears that the promisor has some interest in or expects to derive a benefit from such sale and delivery. After stating certain reasons why the proposition was not applicable to the case then under consideration, the Court uses this language: "To avoid misapprehension, however, we do not wish to be understood as giving even an implied assent to the rule as stated for appellant. On the contrary, we think the rule is more correctly stated in 3 Parsons on Contracts, 24, in these words:

'Wherever the main purpose and object of the promisor is, not to answer for another, but to subserve some purpose of his own, his promise is not within the statute, although it may be in form a promise to pay the debt of another;' and the illustration usually given is, where a creditor has a lien on certain property of his debtor, to the amount of his debt, and a third person, who also has an interest in the same property, promises the creditor to pay the debt in consideration of the creditor's relinquishing his lien. So that the test is whether there is a new consideration moving to the promisor. This is shown by the case of *Hindman* v. *Langford,* 3 Strob., 207, cited by the appellant, where the promise to pay the debt of another was supported because it rested upon a new consideration moving to the promisor, to wit: the surrender to him of a bale of cotton which had been placed in the hands of the creditor to meet the original debt. In the present case, however, there was not the slightest evidence of any new consideration moving to Miller, and hence the rule invoked does not apply." The appellant's request was properly refused, because there was no testimony tending to show a new consideration to which it was applicable.

Subdivision "c." It has frequently been determined by this Court, that when the presiding Judge errs in stating the issues raised by the pleadings, it is incumbent on counsel to call his attention to such error, in case it is to be made a ground of appeal.

The third exception is as follows: "For that his Honor, in charging the jury: 'Now, what is the second cause of action? The second cause of action is, that Mr. Lyles afterwards having sole charge of the yarns of this mill in the hands of certain commission merchants, North, promised that out of the proceeds of that yarn he would pay, first thing, the debt for this cotton. Well, now, gentlemen, inasmuch as letters have been introduced on that subject, would say, that if he in writing did indicate to devote the proceeds of that yarn—that is, the margin—to the payment of this debt, then if the plaintiff has proved that he realized

money from the proceeds of the yarn in the charge of the commission merchants, to that extent of money received, could the plaintiff recover. Now, is there any evidence that he received any money? That is for you. Any evidence as to anything realized from that—from that margin. All the evidence on this is the evidence of Mr. Lyles, and you have heard that which he said, and, therefore, if there is no evidence that anything was realized from that source, why the plaintiff cannot recover on that cause of action,' erred: 1. For that in so charging, his Honor did not correctly state the issues raised by the second cause of action stated in the complaint, to the effect, that for the purpose of better securing the plaintiff, the agreed price of the cotton delivered to Sutro Cotton Mill at defendant's request, the latter pledged the entire product of the Sutro Cotton Mill, consisting of yarns manufactured and in course of manufacture, that had been turned over by said mill to defendant as his own property for the payment of his debt to plaintiff for the twenty bales of cotton, and declared and constituted himself the trustee of plaintiff to sell said product of the mill, collect the proceeds and pay over same to plaintiff, and fully account to plaintiff for said product of the mill, all of which defendant utterly failed and neglected to do; but, on the contrary, his Honor, instead of stating said issues, stated the testimony of defendant bearing on said second cause of action, in violation of art. V., sec. 26, of the Constitution of South Carolina. 2. For that his Honor, in charging the jury that the defendant would have to promise in writing to devote the proceeds of the yarn—'that is, the margin'—to the payment of the debt for the twenty bales of cotton, thereby, in effect, instructed the jury that defendant could not render himself liable to devote the proceeds of the yarn to the payment of said debt by an oral promise to so apply, and took from the jury and eliminated from the case all of the oral testimony that had been adduced at the trial to establish the promise of defendant to apply the proceeds of the yarn to the payment of said debt, and that defendant had a clear profit of $3,500

applicable to same. 3. For that in so charging, that the promise of defendant would have to be in writing to render him liable to plaintiff for the proceeds of the product of the mill—yarns—violated the established law of the State; that as to personal property, the law remains unchanged by the statute of frauds, and a valid trust of such property may not only be still vested, but, if necessary, established by parol declarations. 4. For that his Honor, in stating to the jury: 'All the evidence on this is the evidence of Mr. Lyles, and you have heard that which he said, and, therefore, if there is no evidence that anything was realized from that source, why the plaintiff cannot recover on that cause of action,' charged on the facts and prevented the jury from considering other evidence than that of W. H. Lyles, which bore directly on the issue, in violation of art. V., sec. 26, of the Constitution of South Carolina (1895)."

Subdivision "1." In so far as this subdivision complains of error on the part of the presiding Judge, in stating to the jury the issues raised by the pleadings, it is disposed of by what has already been said.

As no testimony was offered by the plaintiff tending to show that any money was received by the defendant from the proceeds of the yarns in the hands of the commission merchants, and as the charge of the presiding Judge related alone to this fact, there was no error prejudicial to plaintiff. Furthermore, the presiding Judge was correct in saying that the only evidence upon the question as to the receipt of money from the proceeds of the yarns in the hands of the commission merchants, was that of the defendant, who testified that he had not received a cent from that source.

Subdivisions "2" and "3." By reference to the charge, it will be seen that the words "in writing" were used by the presiding Judge in construing written instruments, and had no reference to the question under consideration. Moreover, the defendant expressed his willingness that any proceeds which might have been derived

from the sale of the yarns in the hands of the commission merchants should be turned over to the plaintiff in payment of his claim.

Subdivision 4. This assignment of error is disposed of by what was said in considering other exceptions.

The fourth exception is as follows: "For that his Honor, in charging the jury: 'There is no charge in the complaint that the proceeds ought to have been realized, and that Mr. Lyles would have realized sufficient proceeds to pay for this cotton had he acted in good faith. That is not the charge. The charge is, that he promised to pay out of that margin, this debt first. I say, if that margin is sustained by the testimony, the plaintiff could recover, and the only testimony on that point is what Mr. Lyles has said, and he has explained the matter to you. That he has never gotten a cent, and that everything in the mill was seized by operators, and the operators were first to be paid. There is no doubt about that being the law,' erred: a. Because in so charging, his Honor incorrectly stated to the jury the charge made by the plaintiff against the defendant in the statement of his second cause of action in the complaint, the issue thereby made being, that W. H. Lyles, to better secure the cotton debt, pledged the entire product of the Sutro Cotton Mill manufactured and in course of manufacture; that said W. H. Lyles had declared a trust in favor of plaintiff, with himself as trustee, as to the entire product of the mill, finished and unfinished, which he promised to sell, collect and pay over and to fully account to plaintiff for same, all of which defendant has utterly failed and neglected to do. b. For that his Honor in instructing the jury: 'I say, if that margin is sustained by the testimony, the plaintiff could recover, and the only testimony on that point is what Mr. Lyles has said, and he has explained that matter to you. That he has never gotten a cent, and everything in that mill was seized by the operatives, and the operatives were first to be paid. There is no doubt about that being the law,' charged the jury in

respect to matters of fact, in violation of art. V., sec. 26, of the Constitution of South Carolina (1895)."

Subdivision "a." We have already stated that if the presiding Judge erred in stating the issues made by the pleadings, it devolved upon counsel to direct his attention to such fact, if it was intended to make such errors a ground of appeal.

Subdivision "b." Since the Constitution of 1895, Judges are not permitted to state the testimony to the jury, but it is not every statement of the testimony that will entitle the appellant to a new trial. The statement must be of testimony upon a fact in issue, and there must be reasonable ground for supposing that the jury may have been influenced by such statement, in a manner prejudicial to the rights of the appellant. The plaintiff's testimony showed that the only unfinished product on the machinery at the time the mill closed, was about 2,300 pounds, worth about $120, which was sold by W. S. Neil (plaintiff's witness), and a draft sent to the defendant for that amount. There was no testimony on the part of the plaintiff that any other yarns in course of manufacture were turned over to the defendant. Under these circumstances, the statement of the testimony by the presiding Judge was not prejudicial to the plaintiff.

The fifth exception is as follows: "For that his Honor erred in refusing to grant the motion of plaintiff for a new trial on the minutes of the Court, made on the ground that in his charge to the jury, his Honor invaded the province of the jury, in charging them as to matters of fact, as follows: '1. The testimony has been conflicting. You have heard the testimony of the plaintiff in that behalf and the testimony in behalf of the defendant, and the testimony of the plaintiff in that behalf is, that the cotton was sold, negotiations made with one Walton Neil, who was the secretary of a certain cotton mill, the Sutro Cotton Mill. 2. Now, is there any evidence he received any money? That is for you. Any evidence as to anything realized from that—from the

26—68

margin? All the evidence on this, is the evidence of Mr. Lyles, and you have heard that which he said; and, therefore, if there is no evidence that anything was realized from that source, why the plaintiff cannot recover on that cause of action. 3. I say, if that margin is sustained by the testimony, the plaintiff could recover, and the only evidence on that point is what Mr. Lyles has said, and he has explained that matter to you. That he has never gotten a cent, and that everything in that mill was seized by the operatives, and the operatives were first to be paid. There is no doubt about that being the law.' All of which three charges, in respect to matters of fact, violated art. V., sec. 26, of the Constitution of South Carolina (1895)."

The questions presented by this exception are disposed of by what has already been said.

The sixth exception is as follows: "For that his Honor erred in refusing the motion of plaintiff for a new trial upon the ground of subsequently discovered evidence. A. Because the testimony set forth in the affidavits submitted for plaintiff in support of the motion, to the effect that no suit or suits had ever been commenced by the operatives of the Sutro Cotton Mill against said mill— that no attachment or attachments had ever been levied on the product of said mill, either on yarns manufactured or in course of manufacture, or on the cotton on the machinery in said mill, or on the mill itself and fixtures or attachments, incidents and appurtenances, by the operatives of said mill; that the defendant did not concede that the mill, all of the yarn and everything, was subject to any lien for labor in favor of the operatives; but, on the contrary, the contention of defendant was, that the entire product of the mill, all of the yarns manufactured and in course of being manufactured, were the property of the defendant, and not subject to any supposed lien of the operatives for labor; and that the said defendant did receive money from the product of the mill that he had pledged and promised to pay to plaintiff, which he failed to pay or to account for to plaintiff, was material

and would have produced a verdict in favor of plaintiff. B. Because the evidence submitted in said affidavits was discovered subsequently to the trial of this case. C. Because neither the plaintiff nor his attorneys could by the use of diligence have acquired a knowledge of the subsequently discovered evidence in time to use it at the former trial."

It does not appear to the Court that the testimony discovered after the trial was material, as it was not made to appear that the defendant received any product of the mill except that which was mentioned upon the trial of the case.

We deem it only justice to the defendant to say that, in his affidavit, he fully and satisfactorily to this Court explained the mistake he had made upon the trial of the case in regard to the attachment by the employees of the mill.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.