6639

EDGEFIELD MFG. CO. v. MARYLAND CASUALTY CO.

1. EVIDENCE—PAPERS—SECONDARY EVIDENCE.—The law requires search to be made for missing papers where they are presumed to be. Where a policy of insurance has usually been kept in a corporation's vault, it is not necessary to search for it among the private papers of its officers. In this case there was sufficient proof of identity between the policy lost and the one introduced, and under the allegations, proof of execution was not necessary to maintenance of plaintiff's cause of action.

2. CONTRACTS—INSURANCE.—An obscure and ambiguous clause in an insurance policy should be solved against the insurer. Condition here as to bringing suit on policy construed to mean, suit is conditional on payment by assured of any judgment against it in favor of an employee for personal injury within sixty days from date of final judgment.

3. INSURANCE—WAIVER.—The letters of insurer to assured expressly stated it engaged in the defense of the case against the assured by its employee without waiver of the conditions in the policy requiring immediate notice of injury to employee, and immediate forwarding of any summons or process served, and jury should have been so instructed.

4. TESTIMONY DE BENE ESSE taken in typewriting is good without a certificate of notary that it was written by the witness, or read over to him, and without being initialled.

5. INSURANCE.—The stipulation that notice of an injury should be given insurer immediately by assured, and it should immediately send any summons or process served on it, mean these things should be done with reasonable promptness under the circumstances. Under the

facts here any fair-minded jury would probably conclude the delay was excusable and the failure to instruct the jury that the stipulation was not waived and to admit the testimony *de bene esse* as to the failure to give the notice and to send the summons was not prejudicial error.

Before MEMMINGER, J., Edgefield, October, 1906.   Affirmed.

Action by the Edgefield Mfg. Co. v. Maryland Casualty Co.   From judgment for plaintiff, defendant appeals.

*Messrs. Mordecai* and *Gadsden* and *E. H. Folk,* for appellant, cite: *As to search for lost paper:* 37 S. C., 285; 26 N. E., 640.   *Depositions de bene esse were improperly ruled out:* 38 S. C., 385; 30 S. C., 153; 60 S. C., 201; 57 S. C., 1; 65 S. C., 1, 502; 74 S. C., 575.   *As to the construction of the policy:* 56 N. W. R., 332; 18 At. R., 614; 45 N. W. R., 703; 24 S. E. R., 334; 27 Pac. R., 77; 3 S. E. R., 349; 11 Ency., 19; 10 N. Y. App. Div., 9; 89 Hun., 456.   *As to waiver:* 29 Ency., 1091, 1103; 55 Mo. App., 324; 57 Vt., 520; 35 W. Va., 576.

*Messrs. Tompkins* and *Wells* and *N. G. Evans,* contra, cite: *Proof of loss of paper:* 13 Ency., 1095 65 S. C., 295; 47 S. C., 488; 11 Rich., 537, 75; 17 S. C., 587; 19 S. C., 601; 43 S. C., 370.   *All requirements of statute must be complied with in taking depositions:* 5 Ency., 582, 583, 617; 64 Tex., 454; 5 Mass., 219; 1 Allen, 109; 131 Mass., 185; 54 Vt., 459; 2 Cal., 383; 20 Md., 248; 5 Md., 198; 1 Hugh., 268, 295; Code, 1902, 2881, 2882, 2883.   *As to the construction of the clause limiting time to sue:* 60 S. C., 477; 72 S. C., 411; 24 Ga., 97; 46 S. C., 495; 116 N. Y., 54; 111 N. Y., 335; 48 L. R. A., 770; 170 U. S., 133; 65 Mich., 545; 59 L. R. A., 444.   *The clause as to immediate notice means within a reasonable time:* 62 L. R. A., 485; 60 N. W., 1002; 46 L. R. A., 682; 55 L. R. A., 291; 88 Md., 137; 140 N. Y., 23; 120 Mich., 142; 11 Wall., 433; 137 N. Y.,

389; 135 N. W., 298; 163 Ill., 625; 46 S. C., 495; 8 Cush., 393; 18 Ill., 553; 3 Gill., 176; 29 Ind., 236; 11 Mo., 278; 14 Mo., 320; 76 N. Y., 459; 3 Neb., 391; 2 May on Ins., sec. 462; 160 N. Y., 595; Bliss on Life Ins., 251-2; 135 N. Y., 298; 100 N. Y., 117; 20 Barb., 468; 124 Mo., 204; 126 Pa. St., 317; 88 Wis., 589; 29 Ind., 236; 32 Md., 310; 19 Q. B. Div., 237; 1 Ency., 324; 46 Ia., 631; 91 Tenn., 1. *As to waiver:* 46 S. C., 495; 16 Ency., 942; 27 Was., 429; 197 Ill., 330; 95 U. S., 326; 96 U. S., 234; 63 L. R. A., 425; 7 Ency., 12.

August 31, 1907.  The opinion of the Court was delivered by

Mr. Justice Woods.  The Edgefield Manufacturing Company obtained a policy of insurance in the Maryland Casualty Company to protect it against claims for accidents to its employees.  In the case of *Jennings* v. *Edgefield Manufacturing Company,* 72 S. C., 411, 52 S. E., 113, the plaintiff recovered a judgment of thirty-five hundred dollars for personal injuries.  After payment of the judgment, Edgefield Manufacturing Company brought this action on the insurance policy to recover fifteen hundred dollars, the insurance being limited to that amount for the death or injury of any one person.  The plaintiff recovered judgment for the amount claimed and the defendant appeals.  The plaintiff had been insured in the defendant company for several years, taking a new or renewal policy at the expiration of each term of insurance. At the trial, after proving that a thorough search had been made through the company's papers for the policy without finding it, the plaintiff offered in evidence as a copy, except as to dates, the policy issued for the preceding year.  The defendant contends this paper should have been excluded for lack of evidence that a search had been made among the private papers of those who were officers of the company when the policy was in force, and for lack of sufficient evi-

dence of the terms of the old policy being the same as the new.

The law requires search in the place where the paper is presumed to be. *Culpepper* v. *Wheeler,* 2 McM., 66 ; *Norris* v. *Clinkscales,* 47 S. C., 488, 25 S. E., 797. According to the proof here the insurance policies were kept in the vault of the plaintiff company, and there is no presumption that they were taken out and placed among the private papers of its retiring officers. There was ample evidence from defendant's own agent of the policy introduced being identical in terms with that sued on. It is evident the old policy was properly admitted. It is equally evident its exclusion would have been far from aiding the defense. The complaint alleged an insurance policy without mentioning any condition except plaintiff's agreement "to give the defendant due and reasonable notice of any accident or any suit for damages arising from the same." The answer admits this allegation, "but for greater certainty prays reference to the said policy of insurance;" sets up certain conditions not referred to in the complaint, and alleges plaintiff's failure to comply with them. Actual proof of the policy, therefore, was not requisite to make out the cause of action. The admission of the copy was of no consequence to the plaintiff, but was essential to the defense in proving the conditions set up in the answer.

The next question arises under the following clause of the answer: "No action shall lie against the company as respects any loss under this policy unless it shall be brought by the assured himself to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment within sixty days from the date of such judgment, and after trial of the issue. No such action shall lie unless brought within the period within which a claimant might sue the assured for damages, unless at the expiration of such period there is such an action pending against the assured, in which case an action may be brought against the company by the assured within sixty days after final

judgment has been rendered and satisfied as above. The
company does not prejudice by this clause any defenses to
such action which it may be entitled to make under this
policy."

The policy covered the year beginning 6th May, 1903,
and ending 6th May, 1904. Jennings received his injury
21st October, 1903, brought his action 6th January, 1904,
and recovered judgment in November, 1904. The remitti-
tur from the Supreme Court was sent down 19th October,
1905. The plaintiff paid the judgment 24th October, 1905,
and brought this action 23d January, 1906.

The suit was not brought within sixty days after the final
judgment, and the defendant contends this is fatal. The
Circuit Judge construed the first sentence of the condition
of the policy, above quoted, to mean payment must be made
by the assured of any judgment in favor of an employee for
personal injury, within sixty days from the date of the judg-
ment. Nothing about this section of the policy is clear
except the obscurity. The language will fairly bear the
construction placed on it by the Circuit Judge. The insurer
framed the clause as a condition of its liability, and obscurity
and ambiguity will be solved against it. *Sample* v. *Ins.
Co.,* 46 S. C., 491, 24 S. E., 334; *Moylor* v. *Am. Ins. Co.,*
111 U. S., 335. On this principle, the charge of the Circuit
Judge on this point must be sustained.

Inasmuch as the record in the clerk's office showed the
payment of the judgment in less than sixty days after the
final judgment of the Supreme Court, this stipulation of the
policy disappears as a defense, and the giving or refusing
an instruction as to the validity of such conditions could be
of no consequence.

The defendant submits, in the next place, it was relieved
from liability by failure of the plaintiff to comply with the
first of these additional stipulations in the policy: "The
assured upon the occurrence of an accident shall give
immediate written notice thereof, with the fullest
information obtainable at the time to the home office

of the company at Baltimore, Md., or to its duly authorized agent.    He shall give like notice, with full particulars of any claim that may be made on account of such accident, and shall at all times render to the company all co-operation and assistance in his power.    2. If thereafter any suit is brought against the assured to enforce a claim for damages on account of an action covered by this policy, the assured shall immediately forward to the home office of the company every summons or other process as soon as the same shall have been served on him, and the company will, at its own cost, defend against such proceedings in the name and on behalf of the assured, or settle the same, unless it shall elect to pay the assured the indemnity provided for in clause 'A' of special agreements as limited therein."

There was no evidence of waiver by the defendant of the requirement as to notice of the accident.    It is true the Maryland Casualty Company participated in the defense of the suit of Jennings, but it did so after explicit notice by letters to the Edgefield Manufacturing Company, that all questions as to the alleged failure to give prompt notice of the injury to Jennings were reserved; and to this express reservation the plaintiff made no objection.    The letters introduced expressed explicit refusal to waive this requirement of the policy, and the Circuit Court erred in not having so interpreted them to the jury.    *Toale* v. *Tel. Co.,* 76 S. C., 248; *Eaker* v. *Tel. Co.,* 75 S. C., 97; *Matthie* v. *Ins. Co.* (N. Y.), 67 N. E., 57; *Donogh* v. *Farmers' Ins. Co.* (Mich.), 62 N. W., 721.

The defendant offered evidence, taken *de bene esse,* showing the date when the notice of the accident to Jennings and of his suit was received from the plaintiff, its refusal to waive the stipulation, and the importance of prompt notice of the accident and of the suit.    The depositions were ruled out because there was nothing to show the testimony was reduced to writing by the officer himself, or by the witness in his presence, and because the typewritten pages were not initialed.    We do not think these

were sound objections to the admission of the depositions. The Court cannot presume the testimony to have been taken by a stenographer and afterwards typewritten, and therefore requiring a certificate that it had been read over to the witness. In taking testimony *de bene esse* typewriting is as good as any other writing. *Stoddard* v. *Hill,* 38 S. C., 390, 17 S. E., 138. Typewriting is common, and there is no presumption against its use by the officer or witness in reducing the testimony as required by the statute.

Rule twelve of the Circuit Court lays down certain requirements as to the size and minimum weight of paper to be used for typewriting "original pleadings and other proceedings," and also as to initialling the pages.

In a broad sense the term "proceedings" used in the rule would embrace the taking of testimony *de bene esse.* The object of the rule is to prevent mistake or imposition; and as to other pleadings and proceedings, there is no safeguard prescribed by statute. But the statute lays down with particularity the safeguards to be used for preserving the integrity of testimony taken *de bene esse.* These seem quite adequate; and the reasonable view is that the Judges meant to safeguard such proceedings as the General Assembly had not already safeguarded by statute. This conclusion is strengthened by the consideration of the inconvenience that would arise from requiring observance of excessive formalities by officers outside of the State unfamiliar with our rules of Court. The testimony taken *de bene esse* should have been admitted.

The final question is, did the refusal to charge there was no evidence of waiver, and the rejection of the evidence takn *de bene esse,* so prejudice the defendant as to warrant this Court in ordering a new trial? The stipulations that the insured should give immediate notice of an accident and full information concerning it, and send the summons immediately to the insured company, means that these things should be done with reasonable promptness under the circumstances, not that they should be done liter-

ally without the lapse of any time. The numerous authorities on this point are collated in 21 Cyc., 1731-2. What is reasonable promptness under such stipulation is usually a question of fact for the jury. There was evidence that Price, vice-president and treasurer in charge of the mill, was in extreme ill health, though trying to attend to the duties of his office, when the accident happened to Jennings, and grew worse until his death in February, 1904. Mr. A. S. Tompkins then took charge of the offices of the mill, as temporary successor to Price. In March, 1904, Mr. Tompkins was made aware for the first time that his company had casualty insurance by finding the policy among the papers of the company, and on the same day gave the casualty company notice of the accident, and offered to send it the summons served on behalf of Jennings. Mr. Tompkins thus sums up in his evidence the reasons for the delay: "That is when I found the policy; not only had Mr. Price been sick, but the balance of the people in the office nearly all had smallpox; the entire office had three or four months' vacation by Mr. Price being in a dying condition; quarantined on account of smallpox; that was the condition of things at the time this accident occurred and shortly after; we had these conditions to contend with. The mill was almost entirely at a standstill." All this evidence was undisputed and there is no suggestion against its credibility. The testimony taken *de bene esse* proves nothing more than the delay in giving the notice of the accident and in sending the summons, and the importance to the company of promptness in these matters.

In view of these facts, it is evident a jury could not reasonably reach any other conclusion than that the delay was excusable, and the notice given and the summons sent with all promptness to be fairly expected and exacted. We do not say there was not a *scintilla* of evidence supporting the defense; and if the verdict had been for the defendant, the *scintilla* would have prevented this Court from ordering a new trial for lack of facts to sustain the defense. But this

Court should not order a new trial where from an examination of the record it has no doubt the verdict of any fair jury would have been the same, even if no error had been committed. In such a case the errors should be regarded not prejudicial.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.