### 8288

### TRAPP v. WESTERN UNION TEL. CO.

1. TELEGRAPH COMPANIES—ISSUES—WILFULNESS.—Delivering a message to one not authorized to receive it carries the issue of wilfulness to the jury.

2. CHARGE.—Statement of what facts are admitted or not contested is not a charge on the facts.
   *The Court is divided as to whether the statement was a finding or an issue.*

3. EVIDENCE.—TELEGRAPH COMPANIES.—In an action against a telegraph company for failure to deliver a telegram offering a position to the addressee, the sender may testify as to the nature of the employment, salary, etc., offered in the conversation prompting the message.

4. REHEARING refused.

Before GAGE, J., Laurens, November term, 1911. Affirmed.

*Messrs. Geo. H. Fearons, John Gary Evans* and *Ferguson, Featherstone & Knight,* for appellant, cite: *Where there is an honest bona fide effort to deliver the Court should direct the verdict as to punitive damages:* 65 S. C. 99; 72 S. C. 264; 73 S. C. 386, 522; 77 S. C. 148; 78 S. C. 109; 79 S. C. 160; 83 S. C. 12; 84 S. C. 59, 71, 160; 84 S. C. 160; 87 S. C. 320; 82 S. C. 87. *Whether delivery to a third person is due care is for jury:* 10 Am. Lt. R. 770; 66 Id. 911; 98 Ind. 566; 27 S. C. 269; 32 S. C. 593.

*Messrs. Simpson, Cooper & Rabb,* contra, cite: *Statement in the charge of an admitted fact is not a charge on the facts:* 72 S. C. 419; 68 S. C. 395; 66 S. C. 33.

The opinion in this case was filed on July 19th, but remittitur held up on rehearing until

August 7, 1912. The first opinion was delivered by

MR. JUSTICE FRASER. This is an action by the respondent against the appellant for failure to deliver promptly the following telegram:

"Come to Atlanta by first train—report 92 Luckie St. Good position open for you."

The testimony tended to show that the telegram was received by the agent of appellant at Laurens, S. C., and turned over to the messenger boy to be delivered about 2 o'clock on the 2d of June, 1910. The messenger, after some search, succeeded in finding where Mrs. Trapp lived. Mrs. Trapp was not at home when the messenger went to her house. He delivered the message to a neighbor, to be delivered to Mrs. Trapp when she should return. The neighbor did not deliver the message until after midday of June 3d. The information was received too late to enable Mrs. Trapp to secure the good position and she brought this suit for actual and punitive damages. The cause was tried before his Honor, Judge Gage, and a jury. The jury rendered a verdict for both actual and punitive damages.

The exceptions are as follows:

1. "Because, it is respectfully submitted, the presiding Judge erred in refusing the motion by the defendant, at the close of all the testimony, to direct a verdict for the said defendant with reference to punitive damages, there being absolutely no testimony to show wilfulness or wantonness on the part of the defendant, the testimony showing, on

the contrary, that the defendant made an earnest, honest effort to deliver the telegram.

2. "Because, it is respectfully submitted, that the presiding Judge erred in refusing to grant a new trial, or to set aside so much of the verdict as finds punitive damages for the plaintiff, when there is absolutely no testimony to sustain such a finding.

3. "Because, it is respectfully submitted, that his Honor erred in admitting, against the objection of the defendant, so much of the testimony of Dr. Ham, as follows: 'The party desiring said services stated that the position would continue ten or twelve weeks at $25 per month and board,' it being respectfully submitted that said testimony was hearsay, and should have been rejected.

4. "Because, it is respectfully submitted, that his Honor erred in charging the jury as follows: 'There is no evidence that anybody told him to deliver it to Mrs. Peterson. Is there any evidence to justify the jury in concluding that by implication the boy was authorized to deliver it to Mrs. Peterson? If not, then the delivery to Mrs. Peterson was a wrongful delivery, and just as if it had not been delivered at all. If the telegraph boy takes and delivers a telegram addressed to one person to another person unauthorized to receive it, he might as well go and put it in a stump.' The error being that in so charging the jury the Circuit Judge charged upon the facts as to the breach of duty on the part of the defendant, when he should have left it for the jury to say, from all of the facts and circumstances, as to whether or not the defendant made an honest effort to deliver the message."

The first and second exceptions will be considered together.

There was evidence to carry the case to the jury on the question of wilfulness. In the case of *Glover* v. *Tel. Co.*, 78 S. C. 509, 59 S. E. 526, this Court says: "It was for the

jury to say whether the delivery to Royal under misleading information as to the contents of the message, was mere inadvertence or was the result of a wilful disregard of duty. A telegraph company having delivered a message to a person not authorized by the sender or addressee to receive it, is responsible for the consequence of any delay by such person in delivering to the addressee, just as if such third person had been authorized by the company to deliver it as its agent."

This Court has never said that a telegraph company may search for the addressee until it knows where to find him and then abandon all efforts to deliver and rely upon its previous efforts as a protection from punishment for its acts, which from that time on may become wilful.

All this Court decides is that there was some evidence to go to the jury.

I think the fourth exceptoin ought to be sustained. This was equivalent to saying that defendant was guilty of a wilful disregard of duty in not delivering the telegram itself to the addressee and, therefore, a charge on the facts.

The third exception is overruled. The question was, "What was the nature of this position; for what length of time was it to continue, and what compensation was Mrs. Trapp to receive?"

There was no intimation that the offer of employment was in writing and the only possible answer to the question was what the employer said.

I think the judgment of Circuit Court ought to be reversed and the case remanded for a new trial.


MR. JUSTICE WOODS *concurs*.


MR. JUSTICE HYDRICK. I cannot concur in the opinion of Mr. Justice Fraser in holding that the fourth exception

of appellants should be sustained on the ground that it was a charge on the facts and that the judgment should be reversed. I concur in so much of his opinion as overrules the other exceptions.

I think the fourth exception should be overruled and the judgment affirmed. There was no error in the Judge's charge; he did not invade the province of the jury by charging on the facts. There is no violation of this provision of the Constitution for the Circuit Judge to state to the jury what facts are admitted by the pleadings, what facts are admitted in evidence, and the evidence about which there is no controversy. There certainly was no testimony from any source that Mrs. Peterson had any authority to receive this telegram. She said no one had authorized her to receive it. There is no attempt on the part of the defendant to show that she was authorized to receive it. The defendant, in delivering the telegram to a person other than the one to whom it is addressed, or one authorized to receive it, does so at its peril. A careful reading of Judge Gage's charge as a whole will show that he committed no error.

"Statement of Judge in charge of undisputed evidence is not a charge on facts in violation of the Constitution." *Turner* v. *Lyles,* 68 S. C. 395, 48 S. E. 301; *Jennings* v. *Manufacturing Co.,* 72 S. C. 419, 52 S. E. 113.

As two of the Justices concur in this opinion the judgment is affirmed.

MR. CHIEF JUSTICE GARY *and* MR. JUSTICE WATTS *concur.*

Petition for rehearing dismissed by formal order filed August 7, 1912.