8423

LOWE v. OTTARAY MILLS.

1. WATER COURSES—CHARGE.—Although the exceptions here point out possible errors in instructing the jury as to the use of a stream, it is held the charge did not take from the jury the issue of the reasonable use made by defendant of a stream flowing through its lands in depositing sewage in it, and that the language used was not calculated to confuse or mislead the jury.

2. NEW TRIAL.—Where on an examination of the record the Court has no doubt the verdict of any fairminded jury would have been the same, if no error had been committed, the judgment will not be reversed.

Before GAGE, J., Union, February, 1912. Affirmed.

Action by John C. Lowe against Ottaray Mills. Defendant appeals.

*Messrs. Haynesworth & Haynesworth* and *J. Ashby Sawyer,* for appellant.

*Messrs. Haynesworth & Haynesworth* cite: *Use of stream by upper proprietor:* 1 Farn. on Waters 623; 2 Farn. 515; 10 L. R. A. (N. S.) 586; 24 L. R. A. 572; 60 S. C. 254; 79 S. C. 351.

*Mr. W. W. Johnson,* contra, cites: *Use of stream by upper proprietor:* 85 S. C. 1; 30 Ency. 378; 14 Am. St. R. 319; 81 Am. St. R. 727; 6 Am. St. R. 366; 59 Md. 96; 30 Ency. 371-82; 14 Am. St. R. 319; 77 Am. St. R. 335.

January 23, 1913. The opinion of the Court was delivered by

MR. JUSTICE WATTS. This was an action for damages brought by plaintiff against defendant. The plaintiff, by his complaint, alleges that he is the owner of twenty and one-fourth (20¼) acres of land near the town of Union, and defendant owns and operates a cotton manufacturing plant and connected with it are a number of dwelling houses for the use of its employees who live therein. For the carrying of sewage and other noxious and offensive matter from said plant and houses the defendant owns and operates a sewerage system by which said sewage is collected and emptied into a creek or branch above the plaintiff's land, through which said creek or branch flows for about a half mile. That the waters of said creek or branch are, and for several years have been, polluted and ruined by said sewage to such an extent that plaintiff, who formerly conducted a dairy and farm, has been forced to abandon the use of the land for pasture and as a dairy farm. That a great deal of the sewerage matter is deposited and left by the waters of said stream upon plaintiff's land adjoining the stream and rendering the same unfit. That the plaintiff's dwelling, where he and his family reside, is within two hundred (200) yards of the branch and the odors are unwholesome and endangering the plaintiff and his family. The answer was a denial of the

material issues of the complaint. The case was tried before his Honor Judge Gage and a jury in February 1912 and the jury rendered a verdict for the plaintiff in the sum of eleven hundred ($1,100.00) dollars. An appeal was taken, alleging error on the part of his Honor in his charge to the jury.

The exceptions, three in number, are as follows:

First. "His Honor erred in charging the jury as follows: 'Where a man has land on a running stream, he is entitled to have that stream pass through his land uninjured by the landowner above him. Nature made it that way; made it for all parties through whose land it runs, and one man cannot take the stream and so utilize it and render it unfit and hurtful to the man below him.' It is submitted that this charge was tantamount to the charge that the lower owner is entitled to the use of the water in its natural condition and that any use of the water, or any action on the part of the upper proprietor whereby the quality of the water is impaired, is wrongful, entitling the owner to damages; whereas, the true rule is that each riparian proprietor is entitled to reasonable use of the water and of the watershed, and if the quality of the water is impaired by such reasonable use, the lower owner is without remedy.

Second. "He erred in charging the jury as follows: 'Now, the issue of fact for the jury is, have the things that the mill is charged to have done so injured that water as to hurt Lowe, who lies below the mill? That is the issue of fact for the jury.' It is submitted that (a) by this charge the Judge excluded from the jury the question as to whether or not the use made by the plaintiff of the stream was reasonable, and that the practical question left by him to the jury was, whether the plaintiff was injured by such use; (b) That this constitutes a charge upon the facts in that the Judge assumed that the things with which the defendant was charged were established by the evidence. Whereas, he

should have left that matter to the determination of the jury.

Third. "He erred in charging: 'If the jury is satisfied by the preponderance of the testimony that this sewerage in this branch has destroyed the plaintiff's comfort or right, and the testimony so satisfies you, you will estimate it in dollars and cents.' It is submitted: (a) That by this charge the Judge excluded from the jury the question as to whether the use made by plaintiff of the stream in question was unreasonable or illegal; whereas, that question should have been submitted to the jury; (b) That he submitted to the jury as the practical questions to be decided by them, whether the sewerage had affected the plaintiff's comfort and right and the amount of the damages; whereas, he should have submitted to them the question whether the use made of the stream was unreasonable in view of all the circumstances."

These exceptions practically raise but one question that calls for consideration by this Court: Did the Judge take from the jury, by his charge, the issue of the reasonable use made by defendant of the waters of the stream, and was his language calculated to confuse or mislead the jury to the prejudice of the defendant? Was there error in his charge, as a whole, and was it prejudicial to the defendant?

The Courts in this State have held that the different owners of land, through which a stream flows, are entitled to the reasonable use of the stream, and that any injury to a lower owner incidental to the reasonable use of the stream by a higher owner gives no right of redress. *White* v. *Mfg. Co.,* 60 S. C. 254, 38 S. E. 456; *Griffin* v. *Nat'l Light and Therium Co.,* 79 S. C. 351.

The opinions in these cases both quote with approval what was decided in *Dumont* v. *Kellogg,* 29 Mich. 420, wherein it was said: "As between different proprietors on the same stream the right of each qualifies that of the other

and the question always is, not merely whether the lower proprietor suffers damage by the use of the water above him, nor whether the quantity flowing on is diminished by the use, but whether under all the circumstances of the case the use of one is reasonable and consistent ·with the correspondent enjoyment of the other."

It is true the Circuit Judge used the language complained of and excepted to by the defendant, but he further told the jury, "That a man can't take a stream and so utilize it and render it unfit and hurtful to the man below him." "Now, the issue of fact for the jury is, have the things that the mill is charged to have done so injured that water as to hurt Lowe, who lives below the mill? That is the issue of fact for the jury. Lowe puts his finger upon what he charges is hurtful to him. First. He charges that he had a pasture there of ten acres; that on that pasture land his cows were grazed. He charges in his complaint that the running of fecal matter into the stream has so overflowed the pasture land as to render it unfit for cows to use, and dangerous to health and worthless to him as pasture land. That is an issue of fact for the jury. You have heard the testimony. The testimony must satisfy by its preponderance before you can find for the plaintiff, and if it does so satisfy you, you ought to find for the plaintiff; that this fecal matter has so overflowed these ten acres and rendered it unfit for pasturage for the cows, as to be hurtful to Lowe; and if you find it was, then it is your business to assess him money—how much he has been damaged thereby. You have heard the testimony, and the jury must fix that as best they can. Now, he charges another element of danger—two other elements—he charges that the place has been rendered unwholesome to live at. He charges that his house is within a few hundred yards of the running stream where that fecal matter is emptied into it, and that by reason of the noxious smells arising therefrom his place of residence has been rendered unhealthy, and not only

unhealthy, but has destroyed his peace and comfort. So there are two elements of damage. If as a matter of fact— and that is an issue for the jury—this fecal matter has gathered there and has rendered his place unhealthy, the jury must assess damages as best you can. Your common sense will teach you the difficulties about these matters. You must be satisfied, and satisfied by the preponderance of the testimony, that if Lowe's health has been hurt there, and the reasons of that hurt has been the fecal matter running through that stream, and you are able to estimate it in money, it is your duty to find a verdict for the plaintiff. If the testimony leaves you so doubtful and hesitating that you are unable to say what the truth is, then it is your duty to find a verdict on that issue for the defendant."

The object of a Judge's charge is to enlighten and explain to the jury the issues made by the pleadings and law applicable to the facts as proven under these issues, and we cannot say that the charge herein was prejudicial to the defendant. The defendant did not deny that their sewerage was emptied into the stream that run through plaintiff's land, and introduced no testimony to show that they made any effort in any manner to neutralize and render harmless the output of their sewerage, as could have been done by scientific means, but, on the contrary, they relied on their right to use this stream as they did, claiming that was a reasonable use.

The evidence shows that it was a small stream, ten or twelve inches broad in its natural flow, and when the output of defendant's sewerage was put into it that the stream was overworked, checked up, and failed to carry off the fecal matter until the stream was increased by rainfall, and all this time the offensive, foul and deleterious matter put there by defendant's agency remained in the stream and on the land. No other inference could have been drawn from the facts, as proven, other than that the defendant made an unreasonable use of the stream. They did not attempt

to show that they exercised any care or made any effort to render harmless or in any manner minimize the injurious effect of the output of the sewerage.

The evidence that the fecal and urine matter from over two hundred people was emptied into this small stream without any effort, by the use of care or scientific means, to reduce its offensiveness or deleteriousness, shows conclusively that it was an unreasonable use on the part of the defendant, as in its nature such deposit is an invasion of plaintiff's rights and a trespass on his property.

"The concentration of filth, accumulated by one proprietor, whether an individual or a municipal corporation, and its discharge into the river in such quantities that it is necessarily carried to the premises of another, where it produces a nuisance, dangerous to his health and destructive of the value of his property, must be unreasonable." *Platt* v. *Waterbury,* 77 American State Reports, 335.

This Court has said, through Mr. Justice Woods, in *Manufacturing Co.* v. *Casualty Co.,* 78 S. C. 81, 58 S. E. 969, "But this Court should not order a new trial where from an examination of the record it has no doubt the verdict of any fair jury would have been the same, even if no error had been committed. In such a case the errors should be regarded not prejudicial."

This has been quoted and affirmed in the recent case of *Dennis* v. *Columbia Elect. St. Ry., L. and P. Co., infra* 295, in the opinion by Mr. Justice Hydrick.

The exceptions are overruled and judgment affirmed.