8726

BURNS v. KENDALL.

1. AUTOMOBILES—PUNITIVE DAMAGES.—Where there is any evidence that one was running an automobile in a public thoroughfare in disregard of his duty to the public or in conscious failure of such duty, the issue of punitive damages should be sent to the jury.

2. CHARGE.—There being no dispute but that the injury to plaintiff was caused by the automobile striking her, it was not a charge on the facts for the Judge to so state.

3. AUTOMOBILES—STREETS OF COLUMBIA.—The criminal statutes regulating the speed of automobiles on highways apply to the streets of Columbia.

4. CHARGE—HARMLESS ERROR.—Where this Court is satisfied the same verdict would have been reached by any fair-minded jury if no error had been committed, errors are regarded as not prejudicial.

Before F. B. GARY, J., Richland, May term, 1913. Affirmed.

Action by Ruby Burns by guardian against Francis D. Kendall. Defendant appeals.

*Mr. W. H. Townsend,* for appellant, cites: *Defendant's denial that his act caused the collision raised an issue on that point for the jury:* 85 S. C. 271; 68 S. C. 162. *Issue of proximate cause is for jury:* 90 S. C. 281; 83 S. C. 359. *If defendant's negligence contributed as a proximate cause,*

*plaintiff is not entitled to recover:* 29 S. C. 101; 30 S. C. 166; 61 S. C. 355; 59 S. C. 322.

Messrs. *Jno. J. Earle* and *D. W. Robinson,* contra, cite: *Reckless disregard of duty carries issue of punitive damages to jury:* 91 S. C. 541; 93 S. C. 552; 92 S. C. 75. *Streets of Columbia are treated as public highways:* 5 Rich. 603; 69 S. C. 20; 67 S. C. 520; 74 S. C. 539. *It is negligence per se to violate a statute:* 91 S. C. 542; 92 S. C. 80; 90 S. C. 277; 83 S. C. 357. *Charge as to contributory negligence is clear:* 91 S. C. 517; 83 S. C. 28.

January 14, 1914. The opinion of the Court was delivered by

MR. JUSTICE WATTS. This is an appeal from a judgment in favor of the plaintiff for $1,000, rendered in May, 1913. The action was by the plaintiff for the purpose of recovering actual and punitive damages alleged to have been inflicted on her by the defendant in running an automobile against her which plaintiff alleged was not only negligently done, but recklessly, wilfully, and wantonly, and that the defendant was running his automobile at a high, excessive, and dangerous rate of speed along a public street and thoroughfare in the city of Columbia. At the close of the evidence in the case the defendant's counsel moved for a *nonsuit* of the cause of action for exemplary or punitive damages on the ground that there was not any testimony to go to the jury tending to show that the collision with the plaintiff, or injuries to the plaintiff, were caused by any wilful, wanton, or reckless act of the defendant alleged in the complaint. This motion was refused and the jury found for the plaintiff $500 compensatory damages and $500 punitive damages. A motion was then made for a new trial on the same grounds that a motion for *nonsuit* had been made as to punitive damages, that there was insufficient testimony to support such verdict and it was against the weight and preponder-

ance of the evidence. This motion was denied and after entry of judgment defendant appeals and by seven exceptions complains of error on the part of the Judge and asks reversal of the judgment and for a new trial.

The first, second and seventh exceptions impute error to the Judge in submitting to the jury the question of punitive damages on the ground that there was no evidence to sustain a verdict thereon. An inspection of the testimony shows that there was sufficient evidence in the case for the jury to pass upon the question of conscious or wanton indifference on the part of the defendant or whether he was reckless in his conduct at that time. If there was any evidence of the defendant that showed a disregard on his part of his duty to the public and to the plaintiff or a conscious failure of duty it was proper to submit the question of exemplary damages to the jury. *McCown* v. *Muldrow,* 91 S. C. 541, 74 S. E. 386; *Bennett* v. *St. Ry. Co.,* 92 S. C. 75, 75 S. E. 277; *Sanders* v. *C. & W. C. Ry.,* 93 S. C. 543, 77 S. E. 289.

The second exception further complains that his Honor charged on the facts. This cannot be sustained as an examination of the evidence will show that there was no dispute but that plaintiff was injured by the machine of the defendant and that this lick caused injury to the plaintiff, and throughout the entire case his Honor left the question to the jury to determine whether the act was actionable or not, or whether the facts proven were sufficient to fix liability on defendant for plaintiff's injury. "Statement of Judge in charge of undisputed evidence is not a charge on the facts in violation of the Constitution." *Turner* v. *Lyles,* 68 S. C. 395, 48 S. E. 301; *Jennings* v. *Manufacturing Co.,* 72 S. C. 419, 52 S. E. 1113; *Trapp* v. *Telegraph Co.,* 92 S. C. 218, 75 S. E. 210. It is not an invasion of the province of the jury for the Judge to leave it to them and say if the jury finds from the evidence by the greater weight thereof that the acts causing

injury were wilful, wanton, or reckless.    *Dimery* v. *B. & C. R. R.,* 95 S. C. 187.

The third and fourth exceptions complain of error on the part of his Honor in holding that the provisions of the Criminal Code of this State as to operation of automobiles on the highways of the State include the streets of Columbia. The evidence shows conclusively that the accident happened at the intersection of two of the public streets of the city of Columbia and these streets were laid out years ago under the authority of an act of the legislature of the State. Act of March 22, 1786, 4 Stat. 751; act of Dec. 21, 1798, 5 Stat. 332; 24 Stat. 187; 24 Stat. 1085; acts of 1906, 254; acts of 1907, 721, and in various decisions the streets have been considered as public highways. *McLaughlin* v. *R. R.,* 5 Rich. 603; *Redenbaugh* v. *Ry.,* 69 S. C. 1, 48 S. E. 53; *Kendall* v. *Columbia,* 74 S. C. 539, 54 S. E. 777. We find no error in any of these exceptions, neither do we find any error in the remaining exception.

The charge taken as a whole was correct and free from error and we repeat what has been said in *Manufacturing Co.* v. *Casualty Co.,* 78 S. C. 81, 58 S. E. 969, quoted and reaffirmed in *Dennis* v. *Columbia St. Ry., L. and P. Co.,* 93 S. C. 295, 76 S. E. 711, and *Lowe* v. *Ottaray Mills,* 93 S. C. 426, 77 S. E. 135. This Court should not order a new trial "where on an examination of the record the Court has no doubt the verdict of any fair-minded jury would have been the same even if no error had been committed. In such a case the errors should be regarded as not prejudicial."

Judgment affirmed.

MR. JUSTICE HYDRICK *concurs in the result.*

MR. JUSTICE FRASER. *I concur. I see no error of law.*