RICHARD ROE, casual ejector, and J. B. HUDGINS, tenant-in-possession, and another, plaintiffs in error, *vs.* JOHN DOE, on the demise of HARRISON CROW *et al.*, defendants in error.

1. Where there is a succession of crops made on land every year, the interval which necessarily elapses, between the time of one tenant moving off, and another moving on, the premises, will not work a forfeiture of the benefit of the statute of limitations, or break the continuity of an adverse possession.
2. A verdict which is against the law and evidence in the case, will be set aside, and a new trial awarded.

Ejectment, in Harralson Superior Court, tried before Judge DENNIS F. HAMMOND, at the October Term, 1860.

This was an action brought by John Doe, on the demises of Harrison Crow and Edward Grisham, against Richard Roe, casual ejector, and James B. Hudgins, tenant-in-possession, for the recovery of lot of land No. 195, in the 7th district of said county of Harralson. The suit was commenced on 26th September, 1859.

The defendant met the action with pleas of the general issue, and the statute of limitations.

Pending the action, Elihu M. Williams was made co-defendant.

On the trial, the plaintiff proved the *locus*, and that James B. Hudgins went into possession of the land in dispute in the month of May, 1859, and was occupying the same when the suit was brought as the tenant of Elihu M. Williams; that Williams bought the land from Albert G. Story, and took his bond for titles, and by virtue thereof, entered upon the land the first of the year 1851 or 1852, built some houses, cleared twenty acres of the land, and lived thereon, claiming it as his own until 1855, when he sold it to a man by the name of Webb, who went upon the land before Williams moved off, and lived on it until the last of the year 1857; that Williams took the land back from Webb, and rented it to a man by the name of Nicks, who lived on and cultivated the land in 1858, and left it in the month of November of

that year; that there might have been as much as two or three months between the time that Webb moved off, and Nicks moved on the land, but that Williams, and those claiming under him, had made crops on the land every year from the time he first entered upon it.

· The plaintiff then introduced a grant from the State of Georgia, to John H. Goolsby, of Brown's district, Dekalb county—a deed from Goolsby to Harrison Crow, dated 1st of January, 1830, and recorded 1st December, 1831, for the land in dispute.

The plaintiff offered in evidence a deed from Crow to Edward Grisham, dated 20th December, 1854, which being objected to, on the ground that it was made pending an adverse possession of the land, and therefore void, was excluded by the Court.

Plaintiff then offered in evidence the record of an action of complaint for the land in dispute, brought by Edward Grisham, against W. C. Webb and Elihu M. Williams, and which was commenced in Harralson Superior Court on the 22d May, 1855, and judgment of non-suit awarded at April Term, 1859, the case carried to the Supreme Court, and judgment affirmed at August Term, 1859, and remitter returned, and made the judgment of Harralson Superior Court, at October Term, 1860. Counsel for defendant objected to the introduction of the record on the ground, that as the deed to Grisham had been ruled out, and no recovery could be had on the demise from him, he was not a party to this action of ejectment, and that the action of complaint, and the action of ejectment, were not, therefore, between the same parties, but the Court overruled the objection, and admitted the record in evidence. Plaintiff then rested his case.

The defendant then proved the existence of an original *fi. fa.*, issued from a Justice's Court of DeKalb county, in favor of James Simpson, against John H. Goolsby, and that extensive and diligent search had been made to find the said *fi. fa.*, and the judgment from which it issued, in all the places and offices where the same would likely be found, but

that the search was unavailing, and resulted in a failure to find the *fi. fa.* or the judgment; that John H. Goolsby resided in the county of DeKalb in the years 1826, 1827, 1828, and 1829, and that the Justice's Court dockets for said years, in the districts wherein he resided, were lost, and could not be found; that in the latter part of 1829, Goolsby moved from DeKalb to Merriwether county, and from thence to Cherokee county, Alabama. The defendant then read in evidence a deed for the land from Giles S. Boggus, sheriff of Carrol county, to James Simpson, dated 20th of January, 1834, and recorded 30th of January, 1834, reciting a seizure of the land on the 5th of May, 1832, by virtue of a writ of *fieri facias*, issued from a Justice's Court of DeKalb county, in favor of James Simpson, against John H. Goolsby, and a due advertisement and sale of the same, according to law, to the said Simpson, who was the best and highest bidder. This deed was accompanied by the testimony of Boggus himself, verifying the facts recited in the deed, and giving it as his best recollection that the *fi. fa.* was returned to Simpson after the sale of the land.

The defendant next read in evidence a deed from W. W. and A. N. Simpson, administrators of James Simpson, deceased, to Josiah Goggans, for the land in dispute, dated the 5th August, 1854, a deed from Goggans to Elijah Cook, dated 4th December, 1850, a deed from Cook to Albert G. Story, dated 8th October, 1853, and a deed from Story to Elihu M. Williams, dated 9th April, 1854. The defendant rested his case, after adducing additional proof that Goolsby resided in DeKalb up to the last of the year 1829, and did not reside there after that, and as to the continuous and adverse possession of the land by Williams.

After the testimony and argument had closed, and the Court had charged the jury, as hereinafter stated, the jury returned a verdict in favor of the plaintiff for the premises in dispute.

Counsel then moved in due form for a new trial, on the grounds:

1. Because the Court erred in admitting in evidence the

record of the action of complaint in favor of Grisham against Webb and Williams, as hereinbefore stated.

2. Because the Court erred in refusing to charge, when requested to do so, that if the jury believed that Goolsby lived in DeKalb county, and left there, and moved to another county before he made the deed to Crow, and never lived in DeKalb county after that time, the presumption of law, in such case, would be that the *fi. fa.* was older than plaintiff's deed, and that the existence and loss of the *fi. fa.* being proved, the law presumes that there was a judgment, and that the Court rendering it had jurisdiction; that if the defendant, and those claiming under him, held possession of the land, and made a crop on it every year for seven years, that an interval of two or three months between one tenant going out and another coming in, does not amount to such an interruption of the possession as to defeat the statute of limitations.

3. Because the Court erred in charging the jury, that if the defendant moved off the land for one single day, whether he intended to return or not, the statute of limitations stopped at that point, and only commenced to run from his return to the land, and he must have held it seven years from that time, to entitle him to protection under the statute; that there is no legal way of proving the contents of a *fi. fa.* or other paper, but by producing the evidence of a person who has seen the *fi. fa.* or other paper, and that no evidence of an inferior degree will be sufficient to establish the contents thereof.

4. Because the jury found contrary to law, contrary to evidence, and contrary to the weight of the evidence.

The presiding Judge overruled the motion for a new trial, and defendant complains that the judgment is erroneous, and asks that it be reversed.

W. W. & H. F. MERRELL, for plaintiffs in error.

BURKE & BLACK and HUGH BUCHANAN, *contra.*

*By the Court*—LUMPKIN, J., delivering the opinion.

This was an action of ejectment for lot No. 195, in the 7th district of what was formerly Carroll, now Harralson county. Both sides claim under the same-grantor, John A. Goolsby. The plaintiff deduces his title through a deed to Harrison Crow, dated 1st December, 1830, and recorded the 14th December, 1831. The defendant relies on a sheriff's deed to the land, sold as the property of Goolsby, the 5th of May, 1832, and the question as to the title in this case turns upon the date of the execution under which this sale was made. It was a Justice's Court *fi. fa.* in favor of Simpson. Every place has been searched where it was likely any information could be had respecting the execution, and it cannot be found. Goolsby removed from DeKalb county, whence the execution purports to have been issued, at the end of 1829. He was living in Meriwether county when the deed was made to Crow, in December, 1830. Diligent search has been made in DeKalb county during the years 1826, '27, '28, and '29, during which Goolsby lived in DeKalb, and no vestige of the docket of the magistrate can be found. Considering the frequency that Justice's Courts hold their sessions—that within a year, at least, after Goldsby left DeKalb, the judgment was rendered against him, which sold the land; especially as the case was not *certioraried*, or any other extraordinary delay intervened; consequently the judgment, it may be fairly inferred, was older than his deed to Crow.

So much for the conflict of title—and then as to the possession.

Elihu Williams went into possession in December, 1851, and has occupied the land, he and his tenants, ever since, continuously. For we cannot subscribe to the doctrine that the interval which necessarily elapses between the time of one tenant moving off and another moving on the premises, where there have been a succession of crops made every year, shall forfeit the benefit of the statute—although, in the language of the Court below, the chasm should be but

for a single day. Our conclusion is, that the defendants have the actual, as well as the possessory, title.

As it respects the former suit, all we have to say is, that while we do not hold that, in order to prevent the statute from running, the action should be renewed within *six months in the same form,* it must be between the same parties and for the same cause of action. But the complaint was in favor of Gresham, and Gresham is one of the lessees of the plaintiff in the present case; but there can be no recovery on this demise, as the deed to the land to Gresham was made while the land was held adversely.

Let the judgment be reversed.