### HUEY *vs*. STEWART *et al.*

1. A bill by an administrator alleged as follows :  In 1860 his intestate died leaving a widow, twelve children and one grandchild of tender years, who was the representative of her deceased mother.  Complainant and another administered and gave a joint bond ; they sold the personalty, which was purchased mostly by the heirs, divided the realty into parcels and sold it, the heirs being the purchasers. All of them were represented except the grandchild, and they gave receipts for the purchases made by them.  Complainant reserved certain slaves and evidences of solvent debts, which were amply sufficient for the purpose of paying the grandchild's share.  By the results of the war, the slaves were emancipated and the debts became insolvent.  Since the division of the estate, two of the heirs have died insolvent, and a third intestate, leaving his brothers and sisters as his heirs.  Complainant's co-administrator died since the war, chargeable with a considerable amount of the estate's funds, which caused an additional reason why he could not settle with the grandchild.  In 1873 or 1874, a guardian was appointed for her, who brought suit against complainant and the sureties on his bond for her share, and recovered judgment in 1877.  The prayer was for an accounting by the legal representative of his co-administrator, and to compel contribution from the heirs who had received property from complainant.  By amendments it was alleged, first, that complainant had paid $500 on the judgment, and subsequently that he had paid it off :

*Held,* 1. That there was no equity in the bill. The legal effect of the judgment against him was, that there were assets in his hands to pay the grandchild's share, or else that he had committed a *devastavit,* and was liable therefor. The failure to settle the estate properly and in due time, and the delay till loss occurred, is not chargeable to the heirs. 48 *Ga.,* 420 ; 56 *Ib.,* 286 ; 3 Leigh, 450.

2. If the results of the war caused the failure of assets, the right of action occurred in 1865, and was barred in 1877, either by the act of 1869 or by the ordinary statute of limitations.

3. A mere recovery against complainant being alle ed in the original bill, with no allegation of payment, he would not, on that ground, have the right to contribution from the representative of his co-administrator. Payments made after this case was begun would avail nothing. Code, §3132.

November 21, 1882.

SPEER, Justice.