GORDON *vs.* McCAULEY *et al.*

Where a plaintiff brought suit on a promissory note in his own name, and afterwards amended his declaration by inserting the name of a partnership for his use, and adding a count for the value of a sorghum mill for which the note was given, if such case was nonsuited, he could renew it within six months thereafter for the value of the mill. He was the real party in the first case, and could renew it after the non-suit.

January 6, 1885.

Parties. Actions. Renewal of Causes. Statute of Limitations. Non-suit. Before Judge FAIN. Whitfield Superior Court. April Term, 1884.

Thomas M. Gordon sued C. B. McCauley and W. Ward, as makers, and J. C. Williams, as indorser, in a justice's court, on a promissory note, dated September 1, 1877, due ninety days after date. Defendants pleaded that it had been altered so as to make it negotiable, and that it was given for a sorghum mill and evaporator which were worthless. (See 64 *Ga.*, 221.) An amendment was made by adding a count in the name of Williams *et al.*, partners, under the firm name of J. C. Williams, " who sues for the use of Thomas M. Gordon." An account also was attached for a balance of $100.00 due on the mill and evaporator. On October 4, 1881, a non-suit was had. On November 12, another summons was prepared and handed to the jus·tice, which alleged that it was a suit on account in favor of J. C. Williams *et al.*, partners, under the firm name of Williams Brothers, for the use of Gordon. Attached to the summons was an entry of " Copy Note," but there was no copy. There was also a copy account.

It appears that this summons was handed to the justice on November 12, and counsel for defendant agreed to acknowledge service, but the justice did not, in fact, sign the summons until December 3. The case was appealed by consent, and the facts stated above were submitted to the court. He held the case barred and dismissed it. Gordon excepted.

R. J. McCAMY, for plaintiff in error.

W. K. MOORE, by brief, for defendants.

JACKSON, Chief Justice.

This record makes the question, whether suit having been brought by Thomas M. Gordon originally on a promissory note in his own name, and amended afterwards by inserting the name of a partnership for the use of Thomas M. Gordon, and adding a count for the value of the consideration (to-wit, a sorghum mill), which was non-suited,

can be renewed within six months after the non-suit for the value of the sorghum mill?

· Gordon was the party in interest and only party in interest all the while. First, he seemed to have sued in his own name, claiming legal title; then in the name of the true legal owners of the debt for his use, in which last character he was non-suited; then in six months he renewed this suit for the consideration of the note (the court has "copy of note" in red ink, but does not set out the copy itself), and it is therefore presumed that the renewed suit also embraced the note. In the case of *Moody vs. Threlkeld*, 13 *Ga.*, 55, it is held that the *cestui que trust*, one who has the equitable interest, is the real party, and may renew in six months. See p. 60, opinion of court. In *Cox vs. Berry et al.*, 13 *Ga.*, 306, on page 309, the court repudiate a narrow construction of the act and open its spirit widely. Nor does the case of *Moss, administrator, vs. Keesler*, in 60 *Ga.*, 44, militate against these. It merely emphasizes that it must be the real party who can renew, which is admitted in the cases in the 13th *Ga.* We think, therefore, that the plaintiff had a right to renew within six months.

The amendment, inserting the names of the partners, we do not pass upon. It is not before us, and we cannot pass upon it.

We decide the naked question that, inasmuch as Gordon sued originally on this note in his own name, and was the real party in the case, in all its changes and amendments, up to the non-suit, he had a right to renew the suit within six months thereafter.

Judgment reversed.