## Ford *vs.* Clark, administrator

If one sues a partnership and is non-suited, he cannot re-commence his action against one of the partners individually within six months after such non-suit, so as to prevent the statute of limitations from attaching, under §2932 of the Code.

December 22, 1885.

Partnership.   Statute of Limitations.   Before Judge Fain.   Catoosa Superior Court.   February Term, 1885.

Ford brought suit, on September 29, 1884, against Clark, as administrator of John D. Gray, deceased, on an open account, due in 1870.   To prevent the bar of the statute of limitations from attaching, it was alleged that, in 1873, suit was brought on the account against John D. Gray, Allen Kennedy and Charles Chamberlin, as partners, plaintiff believing that the latter two were partners of the former in the purchase of the articles on which the account was based; that Chamberlin, being a non-resident, was not served; that Kennedy pleaded no partnership and obtained a judgment in his favor on that issue; that Gray having died pending the case, Clark, his administrator,

was made a party; that the case was non-suited; and that this action against the administrator of Gray was brought within six months thereafter. By amendment, it was alleged that there had never been any joint property of Gray and Chamberlin in the state; that plaintiff proceeded against them all as partners, on the ground that they had held themselves out as such; that in the original suit, both Kennedy and Chamberlin filed pleas of no partnership, and no evidence was introduced on the trial, when the non-suit was granted, to overcome such pleas, but the original scheme of the suit having failed, the plaintiff was simply trying to hold Gray, by whom the account was contracted, liable for what he received.

On demurrer, the case was dismissed, and the plaintiff excepted.

W. K. MOORE, by brief; W. C. GLENN, for plaintiff in error

R. J. McCAMY, for defendant.

BLANDFORD, Justice.

The precise question is this: If one sues a partnership, and is non-suited, can an action be re-commenced against one of the partners individually within six months after such non-suit, so as to prevent the statute of limitations from attaching, under section 2932 of the Code? That section enacts that, "If a plaintiff shall be non-suited, or shall discontinue or dismiss his case, and shall re-commence within six months, such renewed action shall stand on the same footing as to limitation with the original case. . . ."

We are satisfied that a suit against a partnership which has been non-suited or dismissed is not the same as an action against an individual; hence, when such suit against a partnership has been non-suited, and another action has been instituted against an individual whom it was alleged belonged to or was a member of the firm formerly sued,

the latter action, although commenced within six months from the dismissal of the former suit, will not prevent the bar of the statute of limitations from attaching to the cause of action, under section 2932 of the Code.

Judgment affirmed.