6761. STEVENS *v.* WOOD, executrix.

BROYLES, J. 1. A nonsuit does not extinguish a cause of action; neither does the death of a plaintiff in a pending suit; and where, after the personal representative of the plaintiff has been made a party to the suit in his stead, the case is nonsuited, the personal representative can, within the statutory period, recommence the suit. Civil Code, §§ 4381, 5598, 5942; *Moody* v. *Threlkeld,* 13 *Ga.* 55, 60; *Hackney* v. *Asbury,* 124 *Ga.* 678 (52 S. E. 886). See also *Sewell* v. *Atkinson,* 14 *Ga.* App. 386 (80 S. E. 862).

2. While the second suit must be for the same cause of action as the first suit, it need not be an exact copy of the same, nor necessarily brought against *all* the defendants who were parties in the dismissed suit, unless all were necessary parties to the first suit.

(a) Where the first suit was brought against joint tort-feasors, each of whom was jointly suable but severally liable, it was not necessary that all the defendants should be parties to either the first or the second suit. In the first action any one of them could have been stricken by the plaintiff at any time over objection. *Cox* v. *Strickland,* 120 *Ga.* 104, 111 (47 S. E. 912, 1 Ann. Cas. 870); *Western Union Tel. Co.* v. *Griffith,* 111 *Ga.* 559 (36 S. E. 859).

3. Under the facts as alleged in the plaintiff's petition, she (the executrix of the original plaintiff, who died while his suit was pending) did not bring a new suit, but merely recommenced the same one that she had. prosecuted to a judgment of nonsuit. It is immaterial that the original suit was brought against W. P. Stevens and W. P. Stevens Jr., and that the renewal action was against W. P. Stevens only, since it appeared from the petition that the latter suit was for the same cause of action as the former,. and that W. P. Stevens was a party to both actions, and that W. P. Stevens Jr. was not a necessary party to either action. See *Cox* v. *Berry*, 13 *Ga.* 306 (1), 310.

4. Under the ruling of the Supreme Court in *Griffin* v. *Russell*, 144 *Ga.* 275 (87 S. E. 10), and authorities therein cited, the petition set forth a cause of action, and was not subject to general demurrer.

5. The other questions raised by the demurrer, not having been referred to in the brief of counsel for the plaintiff in error, are deemed abandoned, and therefore will not be considered.                    *Judgment affirmed.*

DECIDED MARCH 27, 1916.

Action for damages; from city court of Macon—Judge Hodges. June 22, 1915.

From the petition it appears that Homer G. Wood was struck and injured by an automobile of W. P. Stevens while it was being driven by W. A. Stephens. Wood sued the former and another jointly for damages on account of the injury; the plaintiff died and his executrix was substituted as plaintiff. On the trial she was nonsuited, and afterwards on the same day she filed a suit against W. P. Stevens and W. A. Stephens, which she amended so as to proceed against W. P. Stevens alone, and which she alleged to be a renewal of the suit first mentioned, as to W. P. Stevens. In the petition it was alleged that at the time of the injury W. A. Stephens was "the chauffeur of said car and the employee of said W. P. Stevens, and, by the consent, command, permission, direction, and authority of the said W. P. Stevens, was operating and driving said automobile . . towards the plant of his relative, the said W. P. Stevens, the said plant being the plant of H. Stevens Sons Company Clay Works, and the said W. P. Stevens being an officer of said H. Stevens Sons Company, and the said W. A. Stephens being an employee of said company, the said W. P. Stevens being treasurer and general manager;" that "at the time stated the said W. A. Stephens, driving said car as aforesaid, was acting within the scope of his employment by the said W. P. Stevens, and was using said car to go to the place of business of said W. P. Stevens to engage in the performance of his duties at said plant;" that he wilfully, maliciously, and carelessly ran the

car into the said Wood; that he was guilty of negligence in running the car at a dangerous and excessive rate of speed, and in violation of the law as to speed, signals, etc. By amendment it was alleged: "The defendant W. P. Stevens kept said automobile for the use, convenience, and pleasure of himself and the members of his family and relatives, including . . W. A. Stephens. This use for which said automobile was kept by the defendant W. P. Stevens included the transportation of himself and . . W. A. Stephens to and from the clay works known as H. Stevens Sons Company, from and to the residence of the defendant W. P. Stevens, in the city of Macon. Said car was thus in use at the time [the said Wood] was injured. For the better carrying out of the uses for which said car was kept by the defendant W. P. Stevens, he authorized . . W. A. Stephens to use said car in and about the business whenever he desired to do so."

The case came to this court on exceptions to the overruling of a demurrer to the petition. The demurrer was on the grounds, among others, that no cause of action was set forth; that no right of action for the injuries vested in the plaintiff as executrix; that Wood's right of action expired with his death; and that if his right of action survived, it survived only as to the suit pending at the time of his death, and did not survive the nonsuit.

*Harris, Harris & Witman,* for plaintiff in error, cited: As to survival of cause of action: *Smith* v. *Jones,* 138 *Ga.* 716; Civil Code, § 4421; *Sou. Bell Tel. Co.* v. *Cassin,* 111 *Ga.* 575, 581; *Frazier* v. *Ga. R. Co.,* 101 *Ga.* 77; *Peebles* v. *C. & W. C. Ry. Co.* 279, 282; Civil Code, § 4381; *Cox* v. *Strickland,* 120 *Ga.* 104, 109; Civil Code, § 5598; *Melson* v. *Phenix Ins. Co.,* 97 *Ga.* 722; *Floyd* v. *Boyd,* 16 *Ga. App.* 43; Civil Code, § 5625; *Brown* v. *G., C. & N. Ry.,* 101 *Ga.* 80, 83. No cause of action: Civil Code, § 3613; *Lewis* v. *Amorous,* 3 *Ga. App.* 50; *Fielder* v. *Davison,* 139 *Ga.* 512; *McIntire* v. *Hartfielder & Garbutt Co.,* 9 *Ga. App.* 327.

*Feagin & Hancock,* contra, cited: As to survival of cause of action: Civil Code, §§ 4381, 4421, 5598, 5617; *Stephens* v. *Columbus R. Co.,* 134 *Ga.* 818; *A., K. & N. Ry. Co.* v. *Wilson,* 119 *Ga.* 782; *Cox* v. *Strickland,* 120 *Ga.* 104; *Gordon* v. *McCalla,* 73 *Ga.* 669; *Rountree* v. *Key,* 71 *Ga.* 214; *Cox* v. *Berry,* 13 *Ga.* 306; *Moody* v. *Threlkeld,* 13 *Ga.* 55. As to cause of action: Civil Code, § 4413; *Gallagher* v. *Gunn,* 16 *Ga. App.* 600; *Kayser v. Van*

Nest, 125 Minn. 277 (146 N. W. 1091); *Sou. Ry. Co. v. James,*
118 *Ga.* 340; *Thompson* v. *Wright,* 109 *Ga.* 466, 468-9; *Central
Ry. Co.* v. *Brown,* 113 *Ga.* 414; *Fielder* v. *Davison,* 130 *Ga.* 509;
Moon *v.* Matthews, 227 Pa. 488 (29 L. R. A. (N. S.) 856);
Huddy on Automobiles (2d ed.), chap. 20; Long *v.* Newt, 100
S. W. 511; *Toole Furniture Co.* v. *Ellis,* 5 *Ga. App.* 271; *Schu-
mer* v. *Register,* 12 *Ga. App.* 743; *O'Dowd* v. *Newnham,* 13 *Ga.
App.* 220; Burns *v.* Kendall, (S. C.) 80 S. E. 621; *Sheppard* v.
*Johnson,* 1 *Ga. App.* 280, 283; *Hayes* v. *State,* 11 *Ga. App.* 371
(3); *Elsbery* v. *State,* 12 *Ga. App.* 86.