## MOHR & SONS *v.* DUBBERLY.

1. "Fraud which will prevent possession of property from being the foundation of prescription must be actual or positive fraud," and actual fraud "can not be founded on presumptive notice, on that sort of notice which is based upon record, or which is presumed from want of diligence."
2. Under the evidence introduced there were no issues of fact which should have been submitted to the jury; and the evidence demanding it, the court did not err in directing a verdict in favor of the defendant.

No. 6048. DECEMBER 14, 1927.

Complaint for land. Before Judge Daniel. Tattnall superior court. April 21, 1927.

L. Mohr & Sons, a corporation, brought suit against H. C. Dubberly, seeking to recover possession of a lot of land in the City of Glennville, Tattnall County, Georgia, "known and designated on the survey of said city, made by H. M. Pafford for the Glennville Investment Company, as lot number 17 in block number 16," and judgment for mesne profits. The defendant admitted possession, and claimed title to the lot in question by prescription based upon more than seven years possession under color of title. At the trial the evidence in behalf of the plaintiff was substantially as follows: In 1908 R. C. Dubberly owned and was in possession of a described tract of land containing 87 acres, which he conveyed to the Glennville Investment Company by warranty deed, dated February 1, 1908, and recorded on February 7, 1908. That company divided this property into blocks and lots, each of which was numbered; and had a plat, showing the various blocks and lots in the subdivision, executed by H. M. Pafford which plat was recorded "in 1908." At a sale conducted by the company in 1908 various lots in the subdivision, including the one in dispute, were sold. There was a deed from the company to J. S. Herrin, dated February 21, 1908, conveying lot 17 in block 16 (the lot in dispute), according to the Pafford survey and plat. So far as appears from the record, this deed was never recorded. A warranty deed from J. S. Herrin to the plaintiff, dated December 19, 1908, conveying lot 17 in block 16 according to the Pafford survey, was properly recorded on December 21, 1908. A deed from the Glennville Investment Company to R. C. Dubberly, dated March 27, 1908, recorded "in March, 1908," conveyed a described tract

Adverse Possession, 2 C. J. p. 201, n. 98; p. 202, n. 2; p. 281, n. 69, 70.
Appeal and Error, 4 C. J. p. 649, n. 36.

of land containing 71.9 acres, "being the land heretofore conveyed by the party of the second part [Dubberly] to the party of the first part [the company] under date of first day of February, 1908, containing 87 acres, there being excepted in this reconveyance and not included herein the rights, titles, and interest of 121 lot-owners, which said lots are located upon said land, and heretofore sold by the party of the first part to various individuals, as per the records of the said party of the first part and the clerk of the superior court of said county." A plat or blue-print of the 87-acre tract showed the land cut into blocks and lots and had indicated thereon by cross-marks the lots which had been sold, the lot in dispute being thus indicated. The plat executed by H. M. Pafford showed the location and numbers of each of the lots in the subdivision and showed that the lot in dispute was located on the tract purchased by the defendant, and which plat was recorded in the office of the clerk of the superior court of Tattnall County in 1908.

R. C. Dubberly testified that in 1913 he sold to the defendant a tract of land containing ten acres, more or less, being a portion of the tract he had formerly sold to the Glennville Investment Company; that this deed conveyed the premises in dispute; that witness was in possession of said premises at the time he sold to defendant, who has since 1913 been in possession thereof; that he bought back from Glennville Investment Company all of the 87 acres he had previously sold to it, except such as had been previously sold to other persons; that at the time he bought the property back he knew that the lot in dispute had been sold; that he did not remember telling defendant anything about the lots having been sold at the time he bought the 10 acres, but knew that he did not own all the ten acres conveyed by deed to defendant. The defendant testified that he was in possession of the lot in dispute, and claimed it under the deed from R. C. Dubberly, dated April 5, 1913, that he went into possession of the land under the deed just after he bought it, and had since remained in possession, having built a home and other valuable improvements thereon. "I did not know of the claim of plaintiff until just before the bringing of this suit. No one has ever interfered with my possession, and I have been claiming the land under this deed since it was made. I knew that the 87-acre tract of which this

10 acres is a part had belonged to the Glennville Investment Company, and that it was cut up into lots and a part of the lots had been sold by the Investment Company. On the day of the lot sale in 1908 several of the parties who bought lots spent the night at my house, and we were informed that some of the lots sold were in this piece of land, but my information was that only two lots had been drawn out of this 10 acres, and they were drawn by a Mr. Smiley, and I understood that R. C. Dubberly had bought them back before I bought the land from him. . . I never made any investigation in the clerk's office or elsewhere as to what lots had been sold. . . I never had any notice of or knowledge that any one claimed or owned any interest in any part of this 10-acre tract of land, except the two lots, and R. C. Dubberly had bought them back. I bought the property in good faith, and have ever since held it openly, notoriously, peaceably, and adversely."

The court, on motion, directed a verdict for the defendant. The plaintiff excepted to this judgment as being contrary to law, in that there were issues of fact that should have been submitted to the jury. It is insisted that the defendant had actual notice, at the time he purchased, that his vendor did not have title to the premises conveyed, because in his chain of title was the deed from the Glennville Investment Company to defendant's vendor, which contained the recital that the company was not conveying back any of the lots which had been sold; that this recital in his muniment of title was sufficient to have put the defendant upon inquiry as to what lots had been sold, the defendant's vendor having admitted on the trial that he knew he did not have title to the entire tract conveyed to the defendant; and that it was a question to be decided by the jury as to whether defendant did have such actual notice. It is further insisted that under the evidence there was an issue of fact as to whether the possession of the defendant, acquired under the circumstances disclosed by the evidence, originated in fraud, so as to prevent him from obtaining a prescriptive title to the premises in dispute.

*C. L. Cowart*, for plaintiffs in error.

*Waldo DeLoache* and *B. D. Dubberly*, contra.

RUSSELL, C. J. (After stating the foregoing facts.) In determining the correctness of the ruling of the trial court it becomes necessary to consider the evidence in the case. The uncontradicted

evidence adduced clearly shows that the defendant had no actual notice of any want of title in his vendor at the time of his purchase. However, the plaintiff contends that the recital in the deed from the Glennville Investment Company to R. C. Dubberly, defendant's grantor, was sufficient to convey such notice of the want of title in his vendor to the defendant as to make his purchase with such notice a fraud which would prevent the defendant from acquiring title by prescription. The recital relied upon is contained in the deed by which the Glennville Investment Company reconveyed to R. C. Dubberly 71.9 acres of the tract (originally containing 89 acres) which had been conveyed to the Investment Company by R. C. Dubberly, and is as follows: "there being excepted in this reconveyance and not included herein the rights, titles, and interest of 121 lot-owners, which said lots are located upon said land, and heretofore sold by the party of the first part [Glennville Investment Company] to various individuals, as per the records of said party of the first part and the clerk of the superior court of said county." This deed was duly recorded. However, under the facts disclosed by the record, this recital would not afford the defendant even constructive notice that his grantor, R. C. Dubberly, had no title to the lot in dispute. At the lot sale in 1908 the Investment Company sold the lot in dispute to J. S. Herrin. So far as appears from the record, this deed was never recorded. Therefore, even if H. C. Dubberly had made due examination of the records of the clerk of the superior court, he could not have discovered that the lot in dispute had been sold by the Investment Company and was one of the 121 lots mentioned in the recital as having been sold. The deed from Herrin to the plaintiff was recorded; but even if constructive notice would prevent the defendant from acquiring a prescriptive title, the record of the latter deed would not furnish such notice, because there was no record disclosing a conveyance of the lot in question out of the Investment Company; and therefore, even had the defendant examined the record, he would have been justified in assuming that none of the lots previously sold (referred to in the recital) were included in the ten-acre tract he intended to purchase. Furthermore, under the Civil Code (1910), § 4177, "Fraud which will prevent possession of property from being the foundation of prescription must be actual or positive fraud," and actual

fraud "can not be founded on presumptive notice, on that sort of notice which is based upon record, or which is presumed from want of diligence." *Garrett* v. *Adrain,* 44 *Ga.* 274, 276, quoted and approved in *Baxter* v. *Phillips,* 150 *Ga.* 498, 500 (104 S. E. 196). We hold, therefore, that the recital contained in the deed from the Investment Company to R. C. Dubberly did not convey to the defendant such notice of the title of the plaintiff as to make his purchase and entry thereunder fraudulent or prevent his possession from being the foundation of prescription. The evidence that the defendant had been in adverse possession of the lot in question for more than seven years is undisputed.

The second contention of the plaintiff is that the defendant was bound by the recital in his muniment of title, and is thereby estopped to deny the title of the plaintiff. This contention is unsound, for at least two reasons: First, as already stated, under the terms of the recital, as the deed from the Investment Company to Herrin conveying the lot in dispute was not recorded (and thus one seeking to ascertain what lots had been sold could not discover from the record that the lot in dispute was included within the terms of the provision), the recital was not even constructive notice to the defendant of the plaintiff's title. Second, the motion of the defendant for a directed verdict was based upon his proof of adverse possession of the lot in question for more than seven years under color of title. The authorities cited by the plaintiff in error do establish the proposition that parties to a deed and those claiming under them are bound by recitals contained therein and are estopped to deny them. This principle, however, has no application where the statute is pleaded and possession under color of title is relied on. In such an instance, from the nature of the case, the defendant does not claim under a chain of title, for under the law of prescription he does not rely upon his title, but upon his possession. Indeed, it may be said that a defendant who claims land by virtue of seven years adverse possession thereof under evidence of title has no muniment other than his color of title.

Applying the foregoing rulings to the evidence in this case, a verdict for the defendant was demanded, and the court did not err in directing the jury to return a verdict in his favor. It is unnecessary to discuss the validity of the title acquired by R. C.

Dubberly through his purchase of the lot in dispute when sold under a tax fi. fa. in 1915, as this is not material to a proper decision of the case. *Judgment affirmed. All the Justices concur.*