19904. WESTERN & ATLANTIC RAILROAD *v.* MORGAN.

DECIDED DECEMBER 10, 1929.

*Tye, Thomson & Tye, Mitchell & Mitchell,* for plaintiff in error.
*W. E. Mann, J. A. McFarland,* contra.

BLOODWORTH, J. Morgan sued the Western & Atlantic Railroad for damages inflicted while he was working for the defendant as a laborer, assisting in the construction of a tunnel. His petition alleges in part that a few hours after he began work he was put to work running an "air-hammer;" that he was not experienced as a miner; that he was not familiar with the work carried on by the railroad company, nor with the dangers incident thereto, and that in the exercise of ordinary care he could not have been familiar

with said work, the character of earth in the tunnel, what was necessary to render said place of work reasonably safe for those engaged in the construction and excavation of the tunnel; that he did not have equal means of knowing the facts with the defendant; that on the morning he commenced to work the foreman in charge thereof, Joe Phillips, the alter ego of the defendant, changed the method of construction from a reasonably safe way to an unsafe way; that during the afternoon of his first day's work and when he had worked only about six hours at the work he was then doing, "Joe Phillips, vice-principal and alter ego of the defendant company, under whose direct orders and commands he was working," told him where and how to stand and run the air-hammer; that said Phillips knew that plaintiff had had no experience in such work, and knew of his ignorance and inexperience, and also knew that there was danger of the wall of the tunnel caving and falling, and that the position in which he was placing plaintiff to work was a perilous one, and that the perilous condition was unknown to plaintiff, and that he was not warned thereof. Plaintiff alleged that the defendant was negligent: (a) in the method of doing the work at the time petitioner was injured, and that the work was dangerous and hazardous when done as directed by said Phillips; (b) that said defendant knew that plaintiff was inexperienced as a miner or as a workman in a tunnel and did not know what was necessary to render the tunnel safe; (c) that plaintiff did not know the character of the earth through which the tunnel was being constructed; (d) defendant was negligent in employing and placing over petitioner Joe Phillips; that said Joe Phillips was careless, incompetent, and reckless; all of which was known to the defendant; (e) that the servants of defendant failed to brace and timber the sides of the tunnel as they should have done, and that defendant knew of these defects in timbering and bracing the tunnel; but that these defects were unknown to petitioner on account of his inexperience, and could not have been known to him in the exercise of ordinary care. The petition was amended, and to the petition as amended the defendant demurred generally and specially, and the court overruled the demurrer. Defendant filed an answer in which it denied liability and denied all allegations of negligence. The trial resulted in a verdict for the plaintiff, and the defendant filed a motion for a new trial on the general grounds only, and when this was overruled the defendant excepted.

Where a general demurrer to a petition is overruled and no exception is taken thereto, the decision becomes the law of the case and it is a conclusive determination that the petition sets out a cause of action. If after the overruling of the demurrer the case proceeds to trial, and the plaintiff substantially proves his .case as laid, he is entitled to a verdict in his favor. *Pierpont Manufacturing Co.* v. *Savannah,* 153 *Ga.* 455, 457, 458 (112 S. E. 462), and cit.; *Brooks* v. *Rawlings,* 138 *Ga.* 310 (75 S. E. 157) ; *Ga. So. Ry. Co.* v. *Hutchins,* 119 *Ga.* 504, 509, 510 (46 S. E. 659) ; *Slaten* v. *General Exchange Insurance Cor.,* 38 *Ga. App.* 415 (144 S. E. 53) ; *Story* v. *First Nat. Bank of Thomson,* 34 *Ga. App.* 27 (128 S. E. 12). Whether the defendant was negligent, or whether the plaintiff exercised ordinary care, was a question for the jury. In addition to this general rule, attention is called to the following rulings as being especially applicable to this case. In *Augusta Southern Railroad Co.* v. *McDade,* 105 *Ga.* 134 (4), 137 (31 S. E. 420), it was said : "It is a familiar rule that 'a servant assumes the ordinary risk of his employment, and is bound to exercise his own skill and diligence to protect himself' (Civil Code (1910), § 3130), but what particular perils are incident to a given business must be determined by the jury, and not by the judge under all the facts and circumstances of each case." In *Middle Georgia & Atlantic Railway Co.* v. *Barnett,* 104 *Ga.* 582 (30 S. E. 771), Presiding Justice Lumpkin said : "In any given case the jury must determine from the evidence what were the risks incident to the work in hand, and in arriving at a conclusion upon this subject the ignorance or knowledge of the servant as to the existence of a defect, and if he was ignorant, whether his ignorance was or was not due to his own negligence, are all matters for determination by the jury." In *Ocean Steamship Co.* v. *McDuffie,* 6 *Ga. App.* 671 (65 S. E. 703), Judge Russell said : "There is no evidence that McDuffie knew of the risk which caused his injury, and, as we have pointed out before, the assumption of risk being predicated on knowledge actual or constructive, a servant does not assume a risk about which he does not know or was not bound to know. *Brown* v. *Rome Machine Co.,* 5 *Ga. App.* 142 (62 S. E. 20)." See *Louisville & Nashville Railroad Co.* v. *Coatney,* 20 *Ga. App.* 713 (2) (93 S. E. 228) ; *Turner Terminal Co.* v. *Ashcraft-Wilkinson Co.,* 36 *Ga. App.* 32 (134 S. E. 821).

614

Under the pleadings and the facts in this case, this court can not say that the plaintiff did not make out his case substantially as laid, or that error was committed when the motion for a new trial was overruled.

*Judgment affirmed.* *Broyles, C. J., and Luke, J., concur.*