28693.   CHAPMAN *v.* LAMAR-RANKIN DRUG COMPANY.

Decided March 15, 1941.

*Fraser, Irwin & Latimer,* for plaintiff.

*Neely, Marshall & Greene, W. Neal Baird,* for defendant.

MacINTYRE, J. The instant case was first brought by Sara E. Chapman against Lamar-Rankin Drug Company and T. C. Barnett, in the city court of Decatur, DeKalb County, on October 23, 1935, for the alleged tortious death of the plaintiff's son on October 5, 1935, due to alleged negligence of the defendant company's agent, T. C. Barnett, the joint defendant. The plaintiff dismissed said suit on October 20, 1939, and on April 9, 1940 (within said six-months period provided for in the Code, § 3-808, to prevent the bar of the statute of limitations from attaching) brought this suit in Fulton superior court against Lamar-Rankin Drug Company alone. Barnett is a citizen and resident of DeKalb County, and the defendant company is a citizen and resident of Fulton County. At the hearing in Fulton superior court the defendant demurred to the petition, on the ground that it showed on its face that the action was barred by the statute of limitations, for it did not come within the provisions of the Code, § 3-808, a necessary party having been omitted. The plaintiff filed a motion in the nature of a general demurrer to dismiss the plea of the statute of limitations. The judge sustained the demurrer to the petition, and dismissed the action, and overruled the demurrer to the defendant's plea. The plaintiff excepted to the sustaining of the demurrer to the petition, but did not except to the overruling of her demurrer to the plea. The defendant made a motion to dismiss the writ of error, and contends "that the question raised by defendant's plea was identical with the question raised by defendant's demurrer, and the ruling by the court on the plaintiff's demurrer to defendant's plea has now become the law of the case, and the question raised by the within bill of exceptions is now moot."

It is the rule that "This court will in no case undertake to pass upon questions presented by a bill of exceptions, when it affirmatively appears that, even if the judgment of the court below were reversed, the plaintiff in error would derive no benefit from the adjudication." *Davis* v. *Jasper,* 119 *Ga.* 57 (45 S. E. 724) ; *Williams* v. *State,* 187 *Ga.* 415 (1 S. E. 2d, 27) ; *Smith* v. *Jeffries,* 188 *Ga.* 649, 651 (4 S. E. 2d, 637). The converse of this rule is true, that if it affirmatively appears that if the judgment were reversed the plaintiff in error would receive some benefit, then the writ of

error will not be dismissed. The overruling of the plaintiff's demurrer to the defendant's plea, being unexcepted to, was a solemn adjudication that the plea was good if proved (*Bennett* v. *Simmons,* 30 *Ga. App.* 529, 531, 118 S. E. 493, and cit.), and became the law of the case so far as the sufficiency of the plea as against demurrer is concerned (*Story* v. *First National Bank,* 34 *Ga. App.* 27, 128 S. E. 12; *Western & Atlantic R.* v. *Morgan,* 40 *Ga. App.* 611, 613, 150 S. E. 850); but still the defendant would have to sustain the allegations contained in the plea with proof. Thus, if we reversed the judgment on the present bill of exceptions and the trial proceeded in the court below, the plaintiff could concede that the overruling of the demurrer to the plea of the statute of limitations was correct, and yet, abiding by it as the law of the case, introduce evidence which would defeat the plea, and then proceed to try the case on the issues made by the petition and answer, and, if the evidence authorized it, obtain a verdict in her favor. Thus she would obtain a benefit by a reversal. The motion to dismiss the writ of error is overruled.

According to the brief for the plaintiff, the only point involved is whether or not T. C. Barnett was a necessary party to the instant case. If he was, the case was properly dismissed on demurrer, the petition showing on its face that it was barred by the statute of limitations. The Code, § 3-808, provides: "If a plaintiff shall be nonsuited, or shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case; but this privilege of dismissal and renewal shall be exercised only once under this section." With reference to nonsuits and dismissals and recommencement of the plaintiff's suit under this section the Supreme Court has said: "If the cause of action is the same in both cases; if by the same party or his legal representative, and against a person from whom relief was prayed in the first suit, the second action may be renewed. Of course the substantial rights of the plaintiff, or liability of the defendant to him or to one another, can not be enlarged beyond that indicated by the pleadings in the first case. But to the second only those parties are needed who are necessary to enforce and preserve the rights of the respective litigants existing at the time the running of the statute was interrupted by the filing of the first suit. The second suit must be for substantially

the same cause of action, though it need not be a literal copy of the petition dismissed. *Hudgins* v. *Crow, 32 Ga.* 367, 372. It must be by the same plaintiff or his legal representative (*Moody* v. *Threlkeld, 13 Ga.* 55 (5)), and *against all who are necessary parties defendant in the first suit. If they were parties to a joint contract, or entitled to rights one against another by way of contribution in the event the plaintiff recovered, then they or their personal representatives must all be parties to the second suit.*" (Italics ours.) *Cox* v. *Strickland, 120 Ga.* 104, 110 (47 S. E. 912, 1 Ann. Cas. 870). The plaintiff contends that under the *Cox* case, and *Atlanta, Knoxville & Northern Ry. Co.* v. *Wilson,* 119 *Ga.* 781 (2) (47 S. E. 366), Barnett was not a necessary party in either suit, and was joined solely for the purpose of obtaining jurisdiction of the defendant company in DeKalb County. Contribution is the right of one who has discharged a common liability or burden to recover of another also liable the aliquot portion which he ought to pay or bear. 18 C. J. S. 2, § 1. "The equity for contribution arises at the time of the creation of the relationship between the parties which gives rise to the right, and ripens into a cause of action for reimbursement in favor of a party when he is legally compelled to satisfy, by payment or otherwise, more than his just proportion of the common obligation or liability. Or, stated in terms applicable to actions at law, the implied promise to contribute is considered as made at the time the common liability is assumed, and the right to sue thereon arises when a party has paid the whole of the obligation or more than his share thereof. In either event the right to contribution is only contingent until payment or its equivalent is made [*Huey* v. *Stewart,* 69 *Ga.* 768 (3)]. The courts speak of the right to contribution as inchoate or subordinate from the time of the creation of the relationship giving rise to the common burden until the time of payment by a co-obligor of more than his proportional share; not until then does it become complete." 13 Am. Jur. 10, § 7. *Mashburn* v. *Dannenberg Co.,* 117 *Ga.* 567, 582 (44 S. E. 97). However, under the *Cox* case, supra, in determining whether a defendant in the first suit is a necessary party in the second, it must be determined, not whether a right of contribution actually existed, but whether "in event the plaintiff recovered" against the defendants, a right of contribution would then exist.

In the instant case the defendants were jointly and severally lia-

ble for the alleged tort; and although at common law no right of contribution existed between joint tort-feasors, yet by legislative enactment this common-law rule has been changed, and now, "Under the provisions of sections 4588 and 5971 of the Civil Code (1910) [Code of 1933, §§ 37-303, 39-608], the right of contribution extends equally to actions ex contractu and actions ex delicto 'where all are equally bound to bear the common burden, and one has paid more than his share.'" *Southern Ry. Co.* v. *Rome,* 179 *Ga.* 449 (2) (176 S. E. 7, 122 A. L. R. 521). The right of contribution among joint tort-feasors is absolutely dependent upon the right of election which the law gives to the plaintiff. It exists among those whom he elects to sue jointly, and does not exist as to those whom he fails to join as defendants to the suit. *Mashburn* v. *Dannenberg Co.,* supra. That case was referring to what are now Code, §§ 105-2011, 105-2012, which provide for contribution among joint trespassers (tort-feasors, see *Southern Ry. Co.* v. *Rome,* supra), against whom a judgment had been entered. Thus, the plaintiff in the first suit elected, as was his right, to sue the defendants jointly, and if the plaintiff's petition was proved as laid (that is, liability on both defendants), the defendants were entitled to contribution. Hence, when such a suit against the tort-feasors jointly was instituted, and a subsequent suit is instituted against one of the defendants who it is alleged was one of the defendants formerly sued, the latter action, although commenced within six months from the dismissal of the former suit, will not prevent the bar of the statute of limitations from attaching to the cause of action, under the Code, § 3-808. *Ford* v. *Clark,* 75 *Ga.* 612; *Sheldon* v. *Emory University,* 184 *Ga.* 440 (191 S. E. 497). The judge properly dismissed the plaintiff's action on demurrer, the petition showing on its face that it was barred by the statute of limitations.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*