DYAL *v.* SANDERS.

No. 14214.    JULY 14, 1942.

A. *Russell Ross* and *Berner Williams,* for plaintiff in error.

W. S. *Mann Jr.,* contra.

GRICE, Justice. The trial court correctly charged the jury that the burden was on the defendant to prove his prescriptive title by a preponderance of the evidence. The apparent ruling in *Durham* v. *Holeman,* 30 *Ga.* 619 (7), that when the plaintiff's title or cause of action is plainly made out, and the defendant relies on a special plea in bar to defeat the recovery, such as the statute of limitations, the defendant must establish the facts to sustain the plea affirmatively beyond a reasonable doubt, else the verdict must be against the plea, was explained in *Schnell* v. *Toomer,* 56 *Ga.* 168, where the trial judge was upheld for refusing a request to charge that the plea of the statute must be supported by proof so conclusive as to exclude reasonable doubt. That the burden is on him who relies on prescriptive title, is governed by the rule laid down in the Code, § 38-105: "In all civil cases the preponderance of evidence is considered sufficient to produce mental conviction." Where the evidence is in conflict, it is the jury's province to determine where the preponderance lies; and when such finding is approved by the trial judge, that issue must be regarded as settled. When, however, the evidence as a whole, with all reasonable inferences and deductions to be drawn therefrom, presents no conflict in any material particular, and points only to one result, and in that sense there is no question of fact to be determined, then it becomes a question of law, when the same is properly presented, to decide whether the verdict is supported by the evidence. Error being assigned on the denial of a motion for new trial, it becomes the duty of this court to examine the proofs, and to ascertain whether the verdict can legally stand under this record.

The defendant's title by prescription is based on seven years possession under color. This suit was commenced on December 22, 1939. His color consists of a deed from Dodge County to him, dated November 30, 1928, the county having received a deed from the sheriff, based on a sale under a 1927 tax fi. fa. issued against Doc Saunders. So far as appears from this record, the sale of Mrs.

Sanders' property under a tax execution against Doc Saunders was invalid; but it will not be concluded that on that account the plaintiff in error can not prescribe as against the true owner. Compare *Bower* v. *Cohen,* 126 *Ga.* 35 (54 S. E. 918), and what is said in division 5 of the opinion in that case. Dyal testified that he went into immediate possession of it, fenced it, and remained in possession for more than seven years; that he entered in good faith; that his possession had been uninterrupted and peaceably held from the time he purchased it in 1928 until 1939. Without more, this would have demanded a finding in his favor. Code, § 85-401 et seq. He entered under written evidence of title, and remained in possession for more than seven years. § 85-407. That he was in actual possession is shown by the fact that he immediately enclosed the land with a fence (§ 85-403), and this fence remained. We pass by the fact that he turpentined the pine trees continuously; for it has been held that this fact alone will not necessarily show such possession as will satisfy the statute. *Flannery* v. *Hightower,* 97 *Ga.* 592 (25 S. E. 371); *Walker* v. *Steffes,* 139 *Ga.* 520 (77 S. E. 580); *Brown* v. *Wells,* 161 *Ga.* 413 (131 S. E. 159). We likewise discard the fact that for nearly the whole period he had tenants residing thereon; for, according to the witness W. H. Yawn, these did not continuously reside thereon, and it is not shown that this interruption was merely occasioned by the short hiatus necessary between the time an old tenant vacated and a new one moved in. *Huggins* v. *Crow,* 32 *Ga.* 367. There is no dispute, however, as to the testimony that the fence which Dyal placed around the premises remained for more than seven years. This evidence of his possession is not rendered abortive by the fact that it was shown that at times this fence was in places down, and neighboring cattle would go within the enclosure. The fact of Dyal's actual possession, evidenced by the enclosure, is not therefore, under the evidence, in dispute. It is, however, insisted that the jury were authorized under the entire evidence to find that his possession did not originate in good faith, for these two reasons: First, Dyal when he entered knew that Mrs. Sanders had title. The basis of this contention is the proof in the testimony of H. E. Sanders and Dyal himself, that on October 3, 1928, Dyal mailed a contract for her to sign in relation to the turpentine privileges thereon. It is claimed that this showed that Dyal's entry was not in good faith.

In reply to this insistence it may be noted that this was before the tax sale. In further reply, it may be observed that the testimony of Dyal, set forth in the report of the facts, as to the circumstances under which the lease was sent to Mrs. Sanders, is undisputed, and absolves him from the imputation which standing alone it might carry, thus making inapplicable the rule recognized in *Virgin* v. *Wingfield,* 54 *Ga.* 451, that "In this State, if one buy land and go into possession thereof, with the full knowledge, in fact, that this vendor has no right to sell, and no title to convey, this is evidence to go to the jury, upon the question of the bona fides of his possession." The testimony as to this particular matter, in so far as pertinent at all, calls for the application of the doctrine announced in *Lee* v. *Ogden,* 83 *Ga.* 325 (10 S. E. 349), to the effect that mere notice of an outstanding title is not evidence of bad faith, and that good faith is not inconsistent with such notice. *Williams* v. *Smith,* 128 *Ga.* 306 (57 S. E. 801). If it were to be conceded that Dyal had knowledge, before the sale, that Mrs. Sanders owned this property, it does not follow that this showed that when nearly two months thereafter he purchased from the county, which had bid it off at a tax sale, he knew he was not obtaining a good title. The circumstances under which he bought, as set forth in the record, are consistent with his own testimony that he purchased in good faith. It is true that upon receipt of his deed he was charged with constructive notice that the land was sold as the property of Doc Saunders, but there is no proof that he had actual knowledge of that fact. The notice which will prevent a purchaser from acquiring a valid title by prescription must be more than constructive notice. If the law were otherwise, there would be no room in most cases for the application of the doctrine of prescription.

The second reason suggested as to why the jury were authorized to find that Dyal did not enter in good faith, and that his possession can not avail him in establishing a prescriptive title, is that at the time of his purchase and entry there was on record a deed from Mrs. Thomason to Mrs. Sanders, purporting to vest in her title to the whole sixty-five acres, and a fence surrounding a thirty-acre field located on that tract; and that this fence was notice to Dyal. What notice to Dyal was given by the presence of this thirty-acre enclosure of a field once cultivated, but at the time grown up in oak bushes or small trees, no one residing on any part of the sixty-

five acres, and none of it being in cultivation? According to the undisputed testimony, the scene which met the eye of the prescriber when he first entered bore every evidence of an abandonment of the possession. The fence which, according to one portion of the testimony, was around a portion of the tract, enclosed a field that had once been cleared, it is true, but had not been cultivated for at least several years. The tenant-house, once on the place, was no longer there. No one was residing on the premises, and there were on it no crops, or anything to suggest that crops had been recently grown there. In such a setting, the fence was notice rather of an abandonment than of a present claim of ownership, and its presence was not sufficient to authorize the conclusion that because of it his entry was fraudulent. It must be remembered that he purchased from the county, which in turn had bid in the land at a tax sale. It will not be adjudged that under such circumstances one who enters otherwise in good faith will be held to have been guilty of such notice of the claim of the original owner as would render his entry fraudulent, under the Code, § 85-402. Compare *Mohr* v. *Dubberly*, 165 *Ga.* 309 (140 S. E. 856); *Graham* v. *Lanier*, 179 *Ga.* 744 (177 S. E. 577). The premises were vacant. The owner had some years ago moved away, and left no one in charge of them. They had been sold for taxes. The owner had not for many years returned them for taxes. Eleven years after the purchaser had bought the land, fenced it, occupied it, paid taxes on it, the original owner returns, finds Dyal's tenant residing thereon, removes him, and brings this suit. Under this record, Dyal had acquired a prescriptive title; and the court should have granted a new trial.

*Judgment reversed. All the Justices concur.*