35668.   BURKS *v.* WHEELER.

DECIDED JUNE 2, 1955—REHEARING DENIED JULY 12, 1955.

*Geo. Starr Peck*, for plaintiff in error.

*Marvin G. Russell, Turner Paschall*, contra.

NICHOLS, J. The defendant's plea in bar to the plaintiff's amended petition was predicated upon the ground that necessary parties to the action had been omitted when the plaintiff amended her petition by striking two of the defendants. Code § 3-808 provides, "If a plaintiff shall be nonsuited, . . . and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case." It has been consistently held that the renewed action must be on the same cause of action and against the same *essential* parties. *Cox* v. *Strickland*, 120 *Ga.* 104 (47 S. E. 912, 1 Ann. Cas. 870); *Sheldon & Co.* v. *Emory University*, 184 *Ga.* 440 (1) (191 S. E. 497). The question here is whether or not the parties stricken by the plaintiff were essential parties to the action. The defendant in error relies heavily on this court's decision in *Chapman* v. *Lamar-Rankin Drug Co.*, 64 *Ga. App.* 493 (13 S. E. 2d 734). Any conflict between this case and *Stevens* v. *Wood*, 17 *Ga. App.* 756

(88 S. E. 413) must yield to the older case. "While the second suit must be for the same cause of action as the first suit, it need not be an exact copy of the same, nor necessarily brought against all the defendants who were parties in the dismissed suit, unless all were necessary parties to the first suit. (a) Where the first suit was brought against joint tort-feasors, each of whom was jointly suable but severally liable, it was. not necessary that all the defendants should be parties to either the first or the second suit. In the first action any one of them could have been stricken by the plaintiff at any time over objection." *Stevens* v. *Wood,* supra; and see *Cox* v. *Strickland,* supra. This would be true even when the action was timely brought before the statute of limitations had run (Code § 3-1004) and the parties were stricken more than two years after the alleged tort was alleged to have been committed. Therefore any of the defendants in the present action could have been stricken over objection during the renewed action. Accordingly, the trial court erred in overruling the plaintiff's demurrer to the defendant's plea in bar.

The above error rendered further proceedings nugatory, and the other assignments of error need not be considered.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*