43477. THORNHILL v. BULLOCK.
43629. WELLS v. SEABOARD CONSTRUCTION COMPANY.

WHITMAN, Judge. These cases are considered together because of the similarity of the questions raised.

Both cases involve an application of the renewal statute, *Code*

*Ann.* § 3-808, which allows a plaintiff after having filed a suit within the time required by the statute of limitation, to renew his case once within six months after it shall have been discontinued or dismissed, notwithstanding that the statute of limitation on the cause of action has since expired.

Appellant Thornhill in his original suit sought to hold Carter Bullock and Joel Massey jointly and severally liable for injuries arising out of an automobile accident. The suit was brought in Hall County where defendant Massey resided. Bullock resided in a different county. A trial was had with the jury finding in favor of the resident defendant, Massey, but against the nonresident defendant, Bullock, for a certain sum. In such a case where the resident co-defendant is found not liable by the jury, the court's jurisdiction over the nonresident defendant vanishes. *Southeastern Truck Lines v. Rann,* 214 Ga. 813 (108 SE2d 561). Hall County Superior Court thereupon properly entered an order dismissing Bullock for want of jurisdiction. The renewal suit was brought within 6 months against Bullock in Meriwether County. The appeal in this case is from an order of Meriwether Superior Court sustaining Bullock's plea of statute of limitation and sustaining certain of his demurrers to the petition. The same are enumerated as error.

Appellant Mrs. Marie Wells in her original suit sought a recovery against the Seaboard Construction Company and W. W. Bunkley for the wrongful death of her husband in an automobile accident. She charged the defendants with joint and concurrent negligence, alleging in summary that Seaboard was negligent in failing to erect various warning devices as required by its contract, to warn motorists that the road upon which it was doing construction work intersected with another road and came to a "dead end." Bunkley was charged with gross negligence in the operation of the car in which the decedent was a passenger.

Mrs. Wells initially brought her suit against both defendants in Liberty County, the residence of Bunkley, then voluntarily dismissed the suit without prejudice. Thereafter, within 6 months, she renewed the suit in Glynn County against Seaboard. The appeal is from an order of Glynn Superior Court sustaining Seaboard's motion for summary judgment by which Seaboard's plea of statute of limitation was sustained. This order is enumerated as error. *Held:*

1. "While the second [renewal] suit must be for the same cause of action as the first suit, it need not be an exact copy of the same, nor necessarily brought against *all* the defendants who were parties in the dismissed suit, unless all were necessary parties to the first suit.

"Where the first suit was brought against joint tortfeasors, each of whom was jointly suable but severally liable, it was not necessary that all the defendants should be parties to either the first or the second suit. In the first action any one of them could have been stricken by the plaintiff at any time over objection. *Cox v. Strickland*, 120 Ga. 104, 111 (47 SE 912, 1 AC 870); *Western Union Tel. Co. v. Griffith*, 111 Ga. 559 (36 SE 859)." *Stevens v. Wood*, 17 Ga. App. 756 (2) (88 SE 413).

2. The precise question before the court in both cases is whether the renewal actions were defective for failure to bring the second actions against the same defendants named in the first suits. In both the *Thornhill* and *Wells* cases the defendants named in the first suit were jointly suable but severally liable. Therefore, under the holding in the *Stevens* case, supra, it was not necessary that all the defendants should be parties to either the first suit or the second suit. See also *Burks v. Wheeler*, 92 Ga. App. 478 (88 SE2d 793).

The argument is advanced by the appellees in both cases that the plaintiff's election to sue two defendants for the alleged torts vested in the defendants a right of contribution, thereby making both defendants necessary parties to any later renewal of the action. This argument is without merit. No right of contribution arises until a judgment is entered. *Code Ann.* § 105-2012. The case of *Chapman v. Lamar-Rankin Drug Co.*, 64 Ga. App. 493 (13 SE2d 734), upon which both appellees rely, does hold that after a suit against tortfeasors has once been instituted, a subsequent renewal suit instituted against only one of the defendants will not prevent the bar of the statute of limitation from attaching to the cause of action for the reason that the defendant's right of contribution will be lost. The *Chapman* case is in direct conflict with the *Stevens* case on the question of necessary parties. And as held in *Burks v. Wheeler*, 92 Ga. App. 478, 479, supra: "Any conflict between . . . [the *Chapman* and *Stevens* cases] must yield to the older case."

3. An additional argument is made by the appellee in the *Thorn-*

*hill* case that Massey was a necessary party defendant for bringing the action in Hall County, and therefore must again be named in the renewal suit. To do so would be a useless act. Massey was found by the jury not liable on the merits and a judgment was so entered, which is res judicata as to him. Furthermore, Massey was necessary only for the purpose of venue in Hall County. "The law relating to renewals of dismissed cases forms an exception to the statute of limitations, and has no reference to the law of venue." *Cox v. Strickland,* 120 Ga. 104, 108 (4) (47 SE 912, 1 AC 870).

4. In the *Thornhill* case the appellee's first two demurrers were made upon the ground of no cause of action because barred by the statute of limitation. These demurrers should have been overruled for the reasons set forth above. The appellee's fourth and fifth demurrers, (1) to a paragraph of the petition reciting that appellee had previously been held liable for a certain sum, and (2) to an exhibit to the petition showing the judgment of Hall County Superior Court reflecting that appellee had been held liable but dismissed for want of jurisdiction, were properly sustained on the ground that such allegation and exhibit showing the determination of the jury in the prior suit were prejudicial to the defendant and irrelevant and immaterial to the plaintiff's cause of action.

*Judgment in Case No. 43477 reversed in part; affirmed in part. Judgment in Case No. 43629 reversed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED MARCH 4 AND MAY 6, 1968—DECIDED JULY 3, 1968—REHEARING DENIED JULY 23, 1968—

*Joseph E. Cheeley,* for appellant.

*Whelchel, Dunlap & Gignilliat, William R. Gignilliat, Jr., Wright Willingham,* for appellee.

*Jones, Kemp & Osteen, Charles M. Jones,* for appellant.

*Bouhan, Lawrence, Williams & Levy, Walter C. Hartridge, II, E. Pomeroy Williams, Frank W. Seiler,* for appellee.